ELEANOR TERRITT, Respondent, *v.* RANDALL G. COWEN-HOVEN, Appellant.

In an action of ejectment, plaintiff claimed under a sheriff's deed on sale on execution against T., who then owned the legal title. Summary proceedings were instituted to remove T. and defendant, which resulted in an adjudication in favor of the judgment-creditor, and a warrant of removal was issued. T. thereupon took a lease of the premises, and defendant executed a contract, whereby he agreed not to take any advantage of the possession of T. under the lease, until the proceedings were reversed. The judgment-creditor in consequence refrained from executing his warrant. *Held*, that while occupying this position the defendant, as well as T., was estopped from denying plaintiff's title.

(Submitted December 1, 1879 ; decided January 18, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, affirming a judgment of the City Court of Brooklyn.*

This case was removed into the Supreme Court by reason of the incompetency to sit of a majority of the judges of the General Term of the city court.

This was an action of ejectment.

At and prior to July 12, 1853, the premises in question were owned in fee by Tunis T. Cowenhoven. On that day a judgment, by confession, was entered against him in favor of one Territt. An execution was issued thereon, under which the premises in question were sold to one Hart, who assigned his certificate of sale to James Crombie, who received the sheriff's deed November 8, 1857. On March 20, 1858, Crombie instituted summary proceedings under the statute before the county judge of Kings county against said Tunis T. Cowenhoven and the defendant herein. The proceedings resulted in a decision in favor of Crombie, and a warrant of removal was issued. This warrant was not executed for the reason that Tunis T. Cowenhoven took a lease for the premises from Crombie, and the defendant, at the same time, signed a written instrument by which he agreed with Crombie that he would, in no way, take advantage of the possession of his father under that lease, and would not interfere with the premises until the summary proceedings to obtain the possession of the premises should be reversed. The plaintiff has succeeded to the title and rights of James Crombie. Defendant proved that Tunis T. Cowenhoven executed to him a written contract, agreeing to convey the premises, dated April 5, 1857, and afterwards executed to him a deed dated October 9, 1855, recorded November 5, 1857.

*J. Voorhees*, for appellant. The sale on execution against T. T. Cowenhoven would not affect defendant's title. (*Smith*

---

* This case is reported below, 11 Hun, 820 ; after that decision a re-argument was ordered, and upon such re-argument the judgment was affirmed by the General Term.

v. *Gage*, 41 Barb., 61; *Hathaway* v. *Page*, 34 N. Y., 103.)
Defendant is not estopped by the summary proceedings in
1858. (*Brown* v. *Betts*, 13 Wend., 29.) Defendant's agree-
ment not to take any advantage of T. T. Cowenhoven's pos-
session under the lease until the proceedings were reversed,
did not amount to an equitable estoppel. (*Davis* v. *Tyler*,
18 J. R., 490.)

*D. P. Barnard*, for respondent. A judgment or decree
of a court of competent jurists is final, not only as to the
matters actually determined, but as to every other matter
which the parties might have litigated and had decided.
(*La Guen* v. *Gonverneur*, 1 Johns. Cas., 436; *Brown* v.
*Horne*, 2 Barb., 586; *Southgate* v. *Montgomery*, 1 Paige,
41; *Gletson* v. *Hoyt*, 1 Johns. Chy., 543; *Gordon* v. *Buck-
bet*, 3 Cow., 120; *Burt* v. *Steinburgh*, 4 id., 559; *Wood* v.
*Jackson*, 8 Wend., 9; *Lawrence* v. *Hunt*, 10 id., 81; *Calkins*
v. *Allerton*, 3 Barb., 175; *Dunckle* v. *Wiles*, 6 Barb., 575;
S. C., 1 Kern., 420; *Baker* v. *Rand*, 13 Barb., 152; *Buck-
head* v. *Brown*, 5 Sandf. [S. C.], 134; *Kingsland* v. *Spald-
ing*, 3 Barb. Chy., 341; *Miller* v. *Manice*, 6 Hill, 114; *Doty*
v. *Brown*, 4 Cow., 71; *White* v. *Coastsworth*, 2 Seld., 137;
*Castle* v. *Noyes*, 4 Kern., 329; *Lansing* v. *Russell*, 13 Barb.,
510 ; *Barbours* v. *Van Zandt*, 3 Seld., 523 ; *Embury* v.
*Conner*, 3 Coms., 522; *Mercier* v. *The People*, 25 Wend.,
64; *Van Wormer* v. *Mayor of Albany*, 15 id., 262; *Harris*
v. *Harris*, 36 Barb., 88; *Hayes* v. *Reese*, 34 id., 151; *Hyatt*
v. *Bates*, 3 id., 308; S. C., 40 N. Y., 164; *Demorest* v. *Darg*,
32 id., 281; *Kelsey* v. *Ward*, 16 Abb. P. R., 98; *Smith* v.
*Hemstreet*, 54 N. Y., 644; *Gates* v. *Preston*, 41 id., 113;
*Brown* v. *Mayor of N. Y.*, 66 id., 385.) Defendant was as
much estopped by his agreement that the premises should
be leased, and that he would not take advantage of the pos-
session given by said lease or interfere with the premises
until the summary proceedings were reversed, as his father
would have been. (*Ackley* v. *Dygert*, 33 Barb., 176; *Cole-
man* v. *Bearn*, 14 Abb. P. R., 38; *Brown* v. *Bowen*, 30 N.

Y., 519; *Manufacturers' Bank* v. *Hazard,* 30 id., 226; *Bigler* v. *Furman,* 58 Barb., 545; *Remsen* v. *Graves,* 41 N. Y., 471; *Tompkins* v. *Snow,* 63 Barb., 525; *Prevot* v. *Lawrence,* 51 N. Y., 219.)

*Per Curiam.* The proceedings before the county judge to remove Tunis T. Cowenhoven and the defendant, from the possession of the premises resulted in an adjudication in favor of the judgment-creditor, and the issuing of a warrant of removal. Upon presenting this warrant for execution Tunis T. Cowenhoven took a lease of the premises, and the defendant Randall G. Cowenhoven, executed a contract whereby he agreed not to take any advantage of the possession of Tunis under said lease, and not to interfere with the premises until the proceedings before the county judge were reversed, whereupon the judgment-creditor refrained from executing the warrant. While occupying this position we think that the defendant, as well as Tunis Cowenhoven, was estopped from denying the title of the plaintiff in those proceedings. If the proceedings before the county judge should be reversed, they would not of course affect the rights of the defendant, or if Tunis and the defendant should quit the possession of the premises, the defendant would then be at liberty to assert any right which he had superior to the rights of the judgment-creditor. The facts are somewhat complicated. The deed to the defendant was subsequent to the judgment under which the plaintiff claims, but if that deed was executed in pursuance of an executory contract of sale, prior to the judgment, and especially if the defendant was in possession under such contract, the defendant's rights would be superior to those of the judgment-creditor. We do not deem it necessary to determine what effect, if any, the adjudication before the county judge would have upon this equitable right. All that we intend to decide is, that the defendant, while occupying the position he did, and while Tunis occupied the premises under the lease, was estopped

from denying the title of the plaintiff, who succeeded to the rights of the judgment-creditor.

The judgment should be affirmed.

All concur.

Judgment affirmed.