WALTER S. CHURCH, Appellant, v. DE WITT C. SCHOONMAKER et al.; Respondents.

In an action of ejectment it appeared that defendant S. claimed title under a warranty deed from one B. given in 1861. The purchase was for a valuable consideration. Defendant took possession and has occupied ever since under his deed, in good faith and claiming to be the owner in fee. The premises originally formed part of lands leased by V. R. to P. in 1795 for a term of sixteen years. At the expiration of the term the occupation was continued without any further written lease. B. became possessed in 1860 under a conveyance, made subject to the rents reserved in the P. lease. In 1882 V. R. conveyed the land to plaintiff. *Held*, that, although under the provision of the Code of Civil Procedure (§ 373) the possession of the tenant is to be deemed that of the landlord until the expiration of the tenancy, or where there is no written lease, for twenty years after the last payment of rent, and for that period there could be no claim of adverse possession on the part of a tenant; and, although for that period the title of defendant was subject to the legal rights of V. R., his grantor's landlord, after its expiration he held possession under claim of adverse title; and that, therefore, the deed to plaintiff was void for champerty. (1 R. S. 739, § 147.)

Also, *held*, that no settlement with or attornment to plaintiff by B., the grantor of S., after the deed to the latter, without his knowledge or assent, could affect his rights.

Reported below, 42 Hun, 225.

(Argued June 26, 1889; decided October 8, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made November 16, 1886, which affirmed a judgment in favor of defendant, entered upon the report of a referee.

The nature of the action and the material facts are stated in the opinion.

*George L. Stedman* for appellant. Schoonmaker was in possession as a tenant of Van Rensselaer. (*Whiting* v. *Edmunds*, 94 N. Y. 314.) A tenant cannot create adverse possession. (*C. L. Nav. Co.* v. *K. L. Nav. Co.*, 37 Hun, 11, 12.) The referee erred in holding that the deed from Van Rensselaer's heirs to the plaintiff was void for champerty. (3 R. S. [7th ed.] 2196, § 147; *Jackson* v. *Davis*, 3 Cow. 129; *Sands* v. *Hughes*, 53 N. Y. 293; *Whiting* v. *Edmunds*, 94 id. 314; *Christie* v. *Gage*, 71 id. 189; *Ingraham* v. *Baldwin*, 9 id. 45.)

The statute as to champerty is not applicable to the case at bar, where a tenant, from lapse of time, may invoke the presumption of a statute that his possession is adverse, and hence a title, after twenty years, will be presumed, but which presumption, while progressing, is not yet complete. (*Nash* v. *Kemp*, 12 Hun, 595; *C. L. Nav. Co.* v. *K. L. Nav. Co.*, 37 Hun, 12; *Crary* v. *Goodman*, 22 N. Y. 176; *Dawley* v. *Brown*, 79 id. 390; *Whiting* v. *Edmunds*, 94 id. 314; *Chalmers* v. *Wright*, 5 Robt. 713; *Livingston* v. *P. I. Co.*, 9 Wend. 512, 524; *Vandervoort* v. *Gould*, 36 N. Y. 639; *Fish* v. *Fish*, 39 Barb. 513.) Notice to terminate the tenancy by this plaintiff is not necessary to maintain the action. (Wood's Land. and Ten. 88; *Sharpe* v. *Kelly*, 5 Denio, 431.) The defendants are proper parties. (Code, § 1502.)

*William Youmans* for respondents. The defendant's title was adverse to that of plaintiff. (Code of Civ. Pro. §§ 365, 373; McAdam's Land. and Ten. 437; *Tyler* v. *Hydon*, 46 Barb. 465, 466; *Saunders* v. *Haynes*, 44 N. Y. 365; *Webber* v. *Horsen*, 7 Cow. 323; *Sands* v. *Hughes*, 53 N. Y. 294, 295; *Clark* v. *Hughes*, 13 Barb. 147; *Miller* v. *Ewing*, 6 Cush. 34; *Jackson* v. *Harson*, 7 Cow. 327; *Jackson* v. *Elston*, 12 Johns. 452; *Jackson* v. *Smith*, 13 id. 406; *Thompson* v. *Cameron*, 24 Wend. 87; *Bradstreet* v. *Clark*, 12 id. 602; *La Frambois* v. *Jackson*, 8 Cow. 598; *Humbert* v. *Trinity Church*, 24 Wend. 387; 53 N. Y. 296.) Plaintiff's deed, dated February 1, 1882, being twenty years, nine months and two days from date of defendant's deed, possession under it was absolutely void for champerty. (Code of Civ. Pro. § 373; *Whiting* v. *Edmunds*, 94 N. Y. 314; *Christie* v. *Gage*, 71 id. 189.)

Gray, J. This was an action of ejectment. The defendant Schoonmaker acquired his title to the premises by a warranty deed from one Becker, in 1861, under which he entered into possession. Becker's possession and title have been the subjects of some discussion in a prior decision by us in the case of *Becker* v. *Church*. The premises originally formed a part of lands leased by Stephen Van Rensselaer to Jacob Post,

for a term of sixteen years from the year 1795. From 1811, when the term expired, the occupation was continued without any further lease in writing. Becker became possessed of the premises by a conveyance from one Edward Settle, in 1860, subject to the rents, etc., reserved in the Post lease. The referee has found that Schoonmaker took possession of the land conveyed to him by Becker, and has occupied it ever since, under his deed, in good faith, and claiming to be the owner in fee. No rent was ever paid on the land since the time of Becker's acquisition of it, either by him or by Schoonmaker, and none was demanded until in 1883, when Church, this plaintiff, made a claim upon Becker for arrearages of rent, and succeeded in obtaining from him a sum of money on account. Of this settlement Schoonmaker knew nothing, and he had no part in it. Church acquired the interest of the Van Rensselaers in the land through a conveyance by them to him in 1882. The referee concluded that this conveyance was void for champerty as to the defendants and dismissed the complaint, which decision the General Term have sustained.

I think the judgment was right. By section 373 of the Code of Civil Procedure it is provided that " where the relation of landlord and tenant has existed between any persons, the possession of the tenant is deemed the possession of the landlord until the expiration of twenty years after the termination of the tenancy, or, where there has been no written lease, until the expiration of twenty years after the last payment of rent." The effect of that section is to prevent the running of a claim to an adverse possession in favor of a tenant for the period prescribed, whether he has acquired another title, or whether he has claimed to hold adversely. For the twenty years the landlord has the benefit and the protection of the statutory presumption, against the consequences of his fault, or mistake, or accident, and against the acts of his tenant. The twenty years in this case would commence running from the last payment of rent in 1860, because the premises had been occupied from year to year since the expiration of the term of the original lease.

Schoonmaker's possession was under a specific source of title, adverse to the legal title, in the warranty deed of Becker, under which he went into possession and has occupied until now. He took his deed in good faith and paid a valuable consideration, and, had the grantor not been under the infirmity of the statute (Code, § 373), his conveyance would have carried the fee. But, notwithstanding that it did not carry the fee as to the grantee, he went into actual possession under a claim of a specific title. It may be true that until twenty years had expired, after the last payment of rent, his possession was made by statute subordinate to the possession of the Van Rensselaers. That may follow, because Becker could not, notwithstanding his warranty deed, convey any greater right than he possessed in the subject of the grant; and if his possession as a tenant was made by statute the possession of Van Rensselaer till 1880, during that time the title of Schoonmaker was subject to the legal rights of Van Rensselaer, as his grantor's landlord. But, after the period of twenty years had expired, in the year 1880, Schoonmaker was in the possession of the lands, claiming under a title adverse to the Van Rensselaers. Nothing interposed then as a shield to the landlord's possession. He was distinctly out of possession of his lands and was in no position to exercise acts of ownership over them, until he had regained their possession. It follows that the subsequent conveyance by the Van Rensselaers to Church, in 1882, was contrary to the provisions of the statute and absolutely void. (1 R. S. 739, § 147.)

It needs no argument to show that any settlement with, or even attornment of his grantor, Becker, in 1883, to the plaintiff, could have any effect upon Schoonmaker's title. He had no knowledge of it, and did nothing in the way of assent, and, of course, Becker could do nothing then to prejudice the title he had warranted to his grantee.

The judgment should be affirmed, with costs.

All concur, except PECKHAM, J., not sitting.

Judgment affirmed.