(6 App. Div. 28.)

### DARROW et al. v. CALKINS et al.

(Supreme Court, Appellate Division, Second Department. June 2, 1896.)

1. PARTNERSHIP—REAL ESTATE—RIGHTS OF HEIRS.

Partnership realty is subject to all the attributes of personal property until the final settlement of the partnership affairs, and after such settlement any real estate that may be left resumes its attributes of real property, and descends to the heirs.

2. JUDGMENT—RES JUDICATA.

In a proceeding by a representative of a deceased partner for a settlement of the affairs of the partnership, the court may determine whether or not there is any real property which could descend to the heirs, and its decision as to such a matter is conclusive on the heirs, though they were not parties to the proceeding.

Action by Alfred L. Darrow and another against Lyman D. Calkins and others. An interlocutory judgment was directed in favor of plaintiffs, and defendants move for a new trial, on exceptions, under Code Civ. Proc. § 1001. Granted.

Argued before BROWN, P. J., and PRATT, BARTLETT, and HATCH, JJ.

Charles N. Morgan, for plaintiffs.
William R. Syme and Daniel Daley, for defendant Calkins.

HATCH, J. It was undisputed upon the trial that the real property held by the defendant Calkins, by virtue of the deed to him from Darrow and wife, was the property of the partnership of Calkins & Darrow, paid for with its funds. Consequently, it is of little importance whether such deed be held, in form, to vest the legal title to the property in Calkins, absolutely, or in trust for the partnership, or whether its effect is to create a power in trust, for in any event it could not operate to create a greater right in Calkins than equity would allow where the interests of all the parties are conceded; for the rule is that, where real property is purchased for the partnership,

by partnership funds and for partnership purposes, and is appropriated to that purpose, "it is not material in what manner or by what agency the land is purchased, or in what name it stands. If it be established that it belongs to the partnership, equity will hold the one in whom is the legal title as trustee for the partnership." Fairchild v. Fairchild, 64 N. Y. 477.

It will be found quite impossible to reconcile the decisions in this country and in England respecting the status of real property held by a partnership for partnership purposes upon the dissolution of the firm. It is interesting to examine the judicial discussions in which the books abound, but it is not at all essential to the disposition of this appeal that they be all reviewed by us. It seems to be conceded that the surviving partner takes title to the personal property absolutely upon the death of the co-partner. What title or interest does the survivor take to real estate owned by the partnership? Difficulty attends upon the answer to be given. Where debts exist, it seems to be settled that the survivor takes at least the equitable title for the purpose of discharging the partnership obligations, and he also takes such title for the purpose of adjusting any equities which exist between the partners themselves. Shanks v. Klein, 104 U. S. 18. And if any title descends to the heir under these circumstances, it is a mere naked title, which equity intervenes to divest at the instance of a purchaser. Delmonico v. Guillaume, 2 Sandf. Ch. 405. This equitable title in and to the firm property is superior to the rights of individual creditors, and also to the right of the representatives and heir. Diggs' Adm'r v. Brown, 78 Va. 292; Mendenhall v. Benbow, 84 N. C. 646. These cases seem to contemplate that, for the purpose of paying debts and adjusting equities between the partners, an equitable title remains in the survivor. Some of the cases seem to hold that the title, upon the death of a partner, descends to the heir, subject to the rights of creditors and the equities of the survivor. Wilcox v. Wilcox, 13 Allen, 252; Shearer v. Shearer, 98 Mass. 107. And claim is made that it never loses its character as real estate at any time.

It is useless to attempt reconciliation of the authorities, nor is it needful that we should; for the rule in this state is quite firmly established that partnership property, whether personal or real property, remains and is subject to all the attributes of personal property until the final settlement of the partnership affairs, when, if there be any real estate left, it resumes its attributes of real property, and descends to the heir. The rule is best stated by Church, C. J., in Fairchild v. Fairchild, 64 N. Y. 477 et seq.:

"In this country, real estate belonging to a partnership, for the purpose of paying the debts and adjusting the equities between the members of the firm, is treated as personal property; and what remains is considered and treated as real estate, which would go to the heirs of the partners, according to their interests. This conclusion was reached by the chancellor, in an elaborate opinion in Buchan v. Sumner, 2 Barb. Ch. 165–200, reviewing all the American authorities, and was approved and adopted by this court in Collumb v. Read, 24 N. Y. 505. The English rule gives to the real estate of a partnership the character and qualities of personal property as to all persons, and the remainder, after paying debts and adjusting the equities of the partners, goes to the personal representatives, and not to the heir, prob-

ably on account of the great injustice which would result by the laws of inheritance in England. 24 N. Y. 505; T. Pars. Partn. 370. But the American rule, that the remainder descends to the heir, does not affect the character of the property as partnership effects, except that the incidents and questions of real estate are involved. It is divided as so much money capital would be, but it resumes its original qualities."

The clear import of this decision is that the real property does not resume its character as real property until an actual adjustment of the partnership affairs has been had. It might, perhaps, have been claimed that such determination was not essential to a decision of the case. But this case is cited and upheld as an authority upon this point in the later case of Greenwood v. Marvin, 111 N. Y. 423, 19 N. E. 228, where this point was essential to the determination which was reached. It was there held that real estate of a firm possessed the characteristics of personal property so long as the partnership affairs remain unsettled. And it was further held that the assignment of the interest in the real property of the plaintiff's intestate was an assignment of "a mere chose in action, subject, in respect to its mode of transfer, to the rules regulating the disposition of personal property alone." The effect of these decisions would seem to be that the property of the partnership, whether real or personal, so far as the adjustment and liquidation of the partnership affairs is concerned, remains personal estate, and it is upon such liquidation and adjustment of the affairs of the partnership that any remainder which exists, if it be real property, descends to the heir; but that the right and interest of the heir in and to the real propery owned by the firm is subject to be defeated, or, rather, does not attach, until an adjustment and settlement of the firm accounts. Van Aken v. Clark, 82 Iowa, 256, 48 N. W. 73. This is the rule as between the partners themselves. T. Pars. Partn. (4th Ed.) p. 360, note; Godfrey v. White, 43 Mich. 171, 5 N. W. 243.

Until, therefore, there was this final settlement and adjustment of the accounts, the heirs of Darrow were not vested with the legal title to this real estate. What they were entitled to was an accounting of the partnership affairs, and this is what they had through the representative of Darrow's estate, who was competent to maintain an action for that purpose. Upon this accounting the court had jurisdiction to adjust the affairs of the partnership, and to determine the question whether or not there existed any real property which would descend to the heir. It did not follow, because there was, in fact, real property, which equitably belonged to the partnership, that upon an adjustment of the equities between the members of the firm it would necessarily so remain, and be set apart as property which would descend to the heir. But it was competent, on such accounting, for the court to determine, in adjusting the equities between the parties, that, when adjusted, there remained no real property for distribution or descent, but that, upon adjustment, there remained a certain sum in money due to his estate. This, in effect, is what the court determined, and such is the effect of the decree. Having power to adjudicate upon the subject-matter in an action where the estate of Darrow was represented as a party, and possessing power to determine that there existed no real property of the partnership to

which the estate of Darrow was entitled, and having so determined, we see no reason why such adjudication is not conclusive of that question and constitutes a bar binding upon his estate and his heirs. If this view be correct, it follows that there remains no basis upon which this decree can be upheld.

The motion for a new trial should be granted,·and the interlocutory judgment vacated and set aside, with costs to abide the event. All concur.