In the Matter of the Application of REBECCA HATTERSLEY, Landlord, Respondent, v. MARGARET CRONYN, Who is Proceeded Against by the Name of JANE DOE, Tenant, Appellant.

(County County, Albany County, January, 1898.)

Summary proceedings — The City Court of Albany has no jurisdiction to try an equitable title asserted by the landlord.

A judge of the City Court of Albany, a court of limited jurisdiction, has no power, in summary proceedings, to pass upon anything except the legal title of the landlord; and the admission of evidence tending to show that a deed from the landlord to the occupant, and under which she claimed possession, was not delivered as an absolute conveyance, but that the landlord verbally reserved the use and occupation during life, is erroneous, as the provisions of Code of Civil Procedure, section 2224, permit the tenant alone to interpose an equitable defense in summary proceedings.

APPEAL from a final order in summary proceedings made by a justice of the City Court of Albany in favor of petitioner.

William F. Beutler, for appellant.

H. D. Alexander, for respondent.

County Court, Albany County, January, 1898.    [Vol. 22.

GREGORY, J.  This is an appeal from a final order made by Thomas A. Meegan, a justice of the City Court of Albany, awarding the possession of a portion of the premises, known as No. 124 First street, in the city of Albany, to the petitioner, and directing a warrant to issue thereupon.

The petitioner in this matter alleged ownership of the property, and that Margaret Cronyn had intruded and squatted thereupon without her permission or consent.  The answer of the defendant to the petition first denied each and every allegation contained and set forth in the petition, except that a copy of the notice to vacate had been served upon her.  For a further and separate answer, the defendant alleged that she was entitled to the lawful possession of said premises as a tenant of Sarah Hattersley, whom she claimed was the owner thereof.

The petitioner, to establish her case, offered in evidence a deed from Daniel Coonley and wife to said petitioner, recorded on the 25th day of November, 1862, in the clerk's office of Albany county, and it was shown that the deed described the premises in dispute; and further, that the defendant did not have permission to enter upon the premises, or have possession thereof.  The petitioner then rested.

The defendant then offered in evidence a deed of conveyance from Rebecca Hattersley to Sarah Hattersley of the premises in question, dated July 9, 1891, and recorded January 4, 1896.  She also testified that she leased the said premises from said Sarah Hattersley, and was in possession thereof under said lease.

There is no dispute but that this deed, from Rebecca Hattersley to Sarah Hattersley, was, in fact, executed by the petitioner, and duly acknowledged in conformity with the law; and that the same was delivered to said Sarah Hattersley.  It further appears upon the face of said deed that there is no reservation whatever inuring to the benefit of said petitioner, so that from the record of conveyance, as established upon the trial of this action, the legal and record title to the premises was shown to be in said Sarah Hattersley.  Evidence, however, was received in behalf of the petitioner which tended to show that it was not the intention of the said petitioner that the delivery of the deed to said Sarah Hattersley was to be absolute, but that there was, in fact, at the time of the delivery of said deed, a verbal reservation made by the petitioner, wherein and whereby she was to have the use, and occupation and benefit of said property during her lifetime.  This was disputed on the part of

the defendant. After hearing the testimony, the justice made the final order above referred to.

The question which is to be decided upon this appeal is, as to whether the judge of the City Court, who tried this case, had the power to pass upon the equities that existed between Rebecca Hattersley and Sarah Hattersley, or whether he was authorized, in deciding the case, to pass upon the legal title only.

This question has been considered by the courts of this state upon several occasions. In the case of Rodgers v. Earl, 5 Misc. Rep. 164, Judge McAdam, who wrote the opinion, and who is recognized as high authority upon questions of this character, referring to the authority of courts of limited jurisdiction in summary proceedings, uses this language: " But the defendant contends that all this has been changed by the amendment to section 2244 of the Code, passed in 1893, whereby a tenant is authorized to plead to a summary proceeding any defense, legal or equitable. True, the amendment does so provide, and if the plaintiffs can obtain all the relief they require by means of such a defense, they require no aid from a court of equity. But the amendment serves no such purpose. The power conferred must be considered with reference to the limited jurisdiction to which it is attached, and so construed it affects the procedure only, by enlarging the number of defenses which a tenant may interpose to protect his possession. It confers no equity jurisdiction upon the courts enumerated."

In Crawford v. Kastner, 26 Hun, 440, the court says: " District Courts are courts of limited jurisdiction. When a justice presides in a summary proceeding provided by statute his powers are limited and restricted; equitable defenses are not available. The justice is not vested with any power in equity and can only investigate defenses of a purely legal character."

In Terrett v. Cowenhoven, 11 Hun, 320, the court held as follows: " But the title of the defendant mentioned was a legal, not an equitable, title. The county judge had no jurisdiction to decide, nor did he decide, upon the legal effect of the facts on which the equitable title of the defendant depends. Those facts were not before him." This case was affirmed in the Court of Appeals (79 N. Y. 400), but the court did not pass upon the precise question which is involved here.

In People ex rel. Ainslee v. Howlett, 13 Hun, 138, this language is used, " In one respect, and in one only, the case of Roach v. Cosine may be considered to have been overruled; that is, in

County Court, Albany County, January, 1898.    [Vol. 22.

reference to proving by parol at law, that an absolute deed was intended only as a mortgage, for it was subsequently held by the Court of Errors, in Webb v. Rice, 6 Hill, 219, that parol evidence is not admissible in a court of law to show that a deed absolute in form was intended as a mortgage, and it may be doubtful, therefore, whether in these summary proceedings parol evidence could be resorted to for that purpose. Since the Code, it is held, that inasmuch as it provides that the defendant may set up any defense in an action, whether such defense was theretofore a legal or equitable defense, that the same rule of evidence that prevails in equity, in regard to showing that a deed absolute in form was intended as a mortgage, also prevails in regard to such defenses. But these summary proceedings under the Landlord and Tenant Act, are expressly exempted from the operation of the Code of Procedure, by section 471. It may be doubtful, therefore, to say the least, whether, in the summary proceedings, parol evidence can now be given to turn an absolute deed into a mortgage." See, also, Brown v. Betts, 13 Wend. 29-32.

It will be seen that the trend of these decisions is to the effect that in proceedings of this character, before a court of limited jurisdiction, the court in passing upon the question of title is limited in deciding in whom the legal title is vested, and that such a court is not invested with authority to pass upon such equities as may exist between the parties to a conveyance which is absolute upon its face. If, as claimed by the petitioner in these proceedings, the delivery of this deed to her daughter Sarah was conditional, and it was the intent and agreement of the parties (of the grantor and grantee), that the said Rebecca should have the benefit of the property during her lifetime, the grantor would have ample remedy in an action in a court of equity for the reformation of the deed. But to hold in a summary proceeding against a tenant who was in possession under a lease from one who had the legal title to the premises, that a grantor who had made a conveyance absolute upon its face could have adjudicated the terms upon which delivery of the deed was made seems to be far and beyond what the legislature intended to confer upon a court of limited jurisdiction, as the City Court of Albany.

An examination of the sections of the Code relating to summary proceedings will disclose that there is no authority therein contained which authorizes a petitioner who seeks to regain the possession of real property, to base his proceeding upon an equitable claim

or title. This being a statutory proceeding, the authority of the court to act must be found in the statute which authorizes the proceeding, and no relief or jurisdiction can be inferred. This is an elementary principle and does not need the citation of authorities. However, on reading section 2244 of the Code of Civil Procedure we find, that it is the tenant who is the only one who can set up an equitable defense. The section in terms refers to the answer of the tenant as the only pleading which can set up a statement of any new matter, constituting a legal or equitable defense, or counterclaim. This right is not given to the landlord, or petitioner.

I think that the judge of the City Court erred in receiving the evidence of the petitioner, which sought to establish the equitable claim which she insisted upon, as giving her the right to the possession of the property in question, and that he had merely the right to try the question as to who was the legal owner of the premises.

The judgment appealed from is reversed, with costs in favor of the appellant.

Judgment reversed, with costs, in favor of appellant.