JOHN C. WILLIS, Appellant, *v.* FRANK H. McKINNON and Others, Respondents.

*Lease of premises from one tenant in common of the demised premises — the lessee not estopped from setting up the title of the other tenant in common purchased by him while retaining the possession acquired under the lease.*

A party, taking a lease of premises from one of two tenants in common, with the assent of the other, who did not, however, sign the lease, applied for and was refused a renewal thereof, but thereafter continued in possession of the premises and finally purchased, with the knowledge and apparent assent of his lessor, the interests in the property not covered by the lease nor owned by the lessor

In an action of ejectment brought by the grantee of the lessor to recover possession of the property, it was

*Held,* that the party so entering into possession was not estopped from asserting his rights as a tenant in common, with the plaintiff in the action, of the premises.

PARKER, P. J., and LANDON, J., dissented.

APPEAL by the plaintiff, John C. Willis, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Delaware on the 2d day of November, 1896, upon the decision of the court rendered after a trial before the court without a jury at the Delaware Trial Term, dismissing the complaint upon the merits.

The appeal was taken on behalf of the original plaintiff, Warren G. Willis, but he having died pending the appeal, John C. Willis, the present plaintiff, was duly substituted.

The action was in ejectment to recover the possession of certain premises in the village of Masonville in the county of Delaware. At the trial a jury was waived and the case was submitted to the court. The court found that, at the commencement of the action, the plaintiff was the owner of an undivided seven-eighths of the main store and lot, and an undivided three-fourths of the wing part, and that the defendant McKinnon was the owner of the remaining undivided portions; that the defendants did not actually oust the plaintiff or do any act amounting to a total denial of his right; that the plaintiff and defendant McKinnon being tenants in common, this action will not lie unless the defendant McKinnon is estopped from asserting his title and from disputing the title of the plaintiff. The court then in effect decided that such estoppel did not exist, and, therefore, dismissed the complaint.

*C. L. Andrus,* for the appellant.

*James R. Baumes,* for the respondents.

MERWIN, J.:

Practically the only question presented by the appellant is that the court erred in declining to hold that the defendant McKinnon was estopped by the lease of April 15, 1886, from denying that Warren G. Willis, the original plaintiff, was the owner of the entire title.

The lease is from Prentice W. Willis, as surviving partner of the late firm of Travis & Willis, to Frank H. McKinnon of a portion only of the property.   It was then understood by all parties, according to the evidence on the part of the defendants, that Mrs. Travis, as executrix of the estate of Mr. Travis, the deceased partner, had an interest in the property.   Prentice said that she would have to consent to the renting of it.   She refused to sign the lease, saying that she wanted to sell. · She finally agreed to give McKinnon three months' notice in case she sold, and also the option of buying at the same price she could sell for to another party, and then McKinnon took the lease from Prentice.   The lease provides that in case of sale McKinnon should have first privilege of buying, and at least two months' notice to vacate.   It might be found from the evidence that the lease in the form it was, and in view of the negotiations with Mrs. Travis, was not intended to be hostile to the rights of Mrs. Travis.

The lease was for one year, with privilege of renewal if the premises were not sold.   At the end of the one year Prentice and McKinnon settled.   McKinnon wanted a renewal; Prentice refused to give it; said he couldn't; that his uncle was going to foreclose and take the title, and McKinnon would have to make arrangements with him.

After repudiating the lease and disclaiming any right to control the possession, Prentice or his subsequent grantee, Warren G. Willis, the original plaintiff, ought not to be permitted to say that McKinnon is estopped from asserting any right he subsequently obtained.

It is to be observed that on this question of estoppel the plaintiff has no greater rights than Prentice himself had.

McKinnon obtained a deed from Mrs. Travis on June 1, 1887. The deed was recorded June 15, 1887.   The foreclosure of the two mortgages was, as it may be inferred, commenced soon after. Prentice deeded to W. G. Willis May 1, 1888.   It is stated in the case as to both foreclosures that they did not in any way affect the interest or title of McKinnon if he had any.

Prentice knew of the desire of Mrs. Travis to sell and of the option she gave McKinnon.   Under the circumstances here appearing he should be deemed to have assented to the purchase by McKinnon of the interest of Mrs. Travis.   If so, he or his grantee,

the predecessor of plaintiff, has no right to say now that McKinnon shall not have the benefit of his purchase.

I think the conclusion of the trial court was right, and the judgment should be affirmed.

HERRICK and PUTNAM, JJ., concurred; LANDON, J., dissented in opinion concurred in by PARKER, P. J.

LANDON, J. (dissenting):

Prentice J. Willis and Harvey J. Travis at the time of the death of Travis, in 1883, were partners in business and the owners as tenants in common of the premises described in the complaint, subject to two mortgages. After the death of Travis, Willis continued the business as surviving partner and was in possession of the premises until April, 1886, when, by a lease under seal executed by him, in which he described himself " as surviving partner of the late firm of 'Travis & Willis,'" he leased the premises to the defendant for the term of one year from that date, with the privilege to the defendant of a renewal of the lease for another year if the premises should not be sold.

It was understood between the parties at the time of the execution of the lease that Mary J. Travis, as devisee and executor of the will of Prentice J. Willis, had succeeded to the title of Prentice J. Willis in the premises, but that she did not object to the lease, and such was the fact.

The defendant entered into possession of the demised premises and occupied them for one year and paid the rent to Prentice J. Willis. At the end of the year the defendant requested a renewal of the lease for another year, but Prentice J. Willis declined giving it, alleging that his uncle, who held one of the mortgages, was about to foreclose, and it would be of no use to renew the lease. Nevertheless the defendant continued in possession and has ever since retained it.

On the 1st day of May, 1888, Prentice J. Willis conveyed the said premises to the plaintiff by quitclaim deed, together with the reversion, remainder, rents, issues and profits thereof. After the plaintiff's purchase of the premises he bought in the same upon the foreclosure sale of the two outstanding mortgages, but these mortgages did not cover all the premises. The result was that, at the

time of the commencement of this action, he was the owner of seven-eighths of the main premises, and of three-fourths of the wing thereto.

On June 13, 1887, Mary J. Travis conveyed to the defendant her interest in the premises, subject to the above mortgages. The defendant, therefore, at the commencement of the action, had the legal title to one-eighth of the main part and one-fourth of the wing.

The defendant, knowing just what title Prentice J. Willis had, nevertheless took the lease from him and obtained possession, and has held it ever since. He thereby recognized the title of Willis as it, in fact, existed, and agreed to accept it as a good title. He has never been evicted by title paramount; he has not by purchase, under a judgment sale, acquired his landlord's title, or any title adjudged against the landlord to be superior to his, nor is he able to show that, being liable to eviction, he has abandoned the premises or attorned to the holder of a paramount title. All he has done is to buy in the strand or fraction of title outstanding in Mary J. Travis, a fraction which he knew to be outstanding when he took the lease. He took the lease subject to that outstanding strand of title, and, therefore, cannot assert it to the prejudice of his landlords, certainly not until he has been evicted or compelled to attorn to its owner to escape eviction. (*Tilyou* v. *Reynolds,* 108 N. Y. 558.)

His possession of the premises for the second year after the expiration of the first, will be presumed to be under a renewal, although not formally executed, and, after the second year, it will be presumed to continue under the lease, in the absence of any contract to the contrary. (*Whiting* v. *Edmunds,* 94 N. Y. 309, 314; Code Civ Proc. § 373.)

Prentice J. Willis conveyed his title in the premises, together with the remainder and rents to the plaintiff. There were two outstanding mortgages which were subsequently foreclosed, and, upon the foreclosure sales, the plaintiff purchased the premises. If a stranger had purchased the premises he might have claimed that he held by title paramount to that of Prentice J. Willis, and the defendant might have recognized that title and abandoned the premises or attorned to the owner of the paramount title. (*Jack-*

*son* v. *Rowland*, 6 Wend. 670.) But the plaintiff, by becoming
the grantee of the mortgagees as well as of Prentice J. Willis,
could not hold the mortgage title in hostility to the title which he
had obtained from Willis, but could hold it in its support. The
first was not extinguished. Indeed, the deed from Willis covered a
parcel not embraced in the mortgages.

The defendant has simply purchased, during his possession under
the lease, the outstanding title of Mary J. Travis in an undivided
fraction of the premises. This he had a right to do, but his pos-
session, nevertheless, continued to be under his landlord, and not
under such newly acquired title. ( *Whiting* v. *Edmunds, supra.*)
Before he could assert title against his landlord, he must surrender
to him the possession which he acquired under the lease, or do
some act equivalent to it. (Id.)

The effect of defendant's possession under the lease from Willis
is to establish that, as between Willis and defendant, Willis had title.
The plaintiff, as grantee of Willis, had acquired that title, and as
the defendant's right to possession under the lease has expired, the
plaintiff is entitled to possession.

The action is not for rent, and it is not material whether the rela-
tion of landlord and tenant ever existed between the plaintiff and
defendant.

The judgment should be reversed, new trial granted, costs to abide
the event.

Judgment affirmed, with costs.