.(37 Misc. Rep. 386.)

WILLIS v. McKINNON et al.

(Supreme Court, Trial Term, Delaware County. March, 1902.)

1. LEASE OF FIRM PROPERTY—ESTOPPEL.

Where, on the death of a partner, his widow, having an interest in the partnership real estate as devisee, acquiesces in a lease of it by his surviving partner as an individual, for the benefit of the firm, she is thereafter estopped from questioning the validity of the lease.

2. SAME—DENIAL OF LANDLORD'S TITLE.

Where a lessee of firm property, in which a widow of a deceased partner has an interest, remains in possession, he cannot defeat an action by one holding all the title, except so much as belonged to the widow, by procuring her title, she having consented to the original lease.

3. RES JUDICATA—PLEADING.

A former adjudication is not available unless pleaded.

4. SAME—ORDER IN SUMMARY PROCEEDINGS.

A final order in summary proceedings is not a bar to ejectment for the same land.

Action by John C. Willis against Frank H. McKinnon and others. Judgment for plaintiff.

John C. Willis (Charles L. Andrus, of counsel), in pro. per.

James R. Baumes (William H. Johnson, of counsel), for defendants.

FORBES, J. This is an action of ejectment. The case has been once tried, and a verdict was rendered in favor of the defendants. An appeal was taken from that determination and judgment to the appellate division, where the judgment below was affirmed by a divided court, Mr. Justice Landon writing the dissenting opinion. Willis v. McKinnon, 35 App. Div. 131, 54 N. Y. Supp. 1079. From the judgment of the appellate division an appeal was taken to the court of appeals, where the holding of the trial court and the determination of the appellate division were reversed, and the case was sent back for a new trial. Willis v. McKinnon, 165 N. Y. 612, 59 N. E. 1132. A careful examination of Mr. Justice Landon's opinion convinces me that the relevant facts upon the retrial have not materially changed the real issue. There are only two lines of evidence from which it can successfully be contended that there is any change in the situation. It was assumed by Justice Landon in his opinion that Mary E. Travis (now Mary E. Lathrop), who was present at the time the lease in question was made, raised no objection to the making of said lease, and she was therefore estopped from claiming that, as against the lease in question, she had any title or interest in said property, or had the right to control said property so leased. Kelly v. Scott, 49 N. Y. 595. The evidence on this trial shows that she

was present at the time the lease was made; that she was asked by Prentiss W. Willis and by the defendant McKinnon to join in that lease. This she refused to do, saying in substance: "Why do you want me to join in this lease? I have never done so before. I never signed any lease, and I shall not sign that one." She then gave as a reason for not joining that she did not want to tie herself up from selling or disposing of her interest in the property when she found an opportunity to do so, at the same time promising and agreeing with the defendant McKinnon to give him the first opportunity to purchase her interest, if he desired to do so.

Mrs. Travis and defendant McKinnon each knew that Prentiss W. Willis was leasing the property to the defendant McKinnon as the surviving partner of the firm of Travis & Willis. The evidence now not only shows that Mrs. Travis assented to the lease, by not objecting to the form of it, at the time it was made, but that she encouraged McKinnon in taking the lease in that form, coupled with the offer to sell to him at some subsequent time any right or claim which she might have or could control. If it was clear before that she did not object to the lease, as it was made by Willis, it is now certain that she did recognize the plaintiff's right to lease, and acquiesced not only in the declaration that the premises were rightfully controlled by the surviving partner, but that he had the right to lease them as such, and that the defendant McKinnon took the lease with such acquiescence, and with full knowledge of the facts. Territt v. Cowenhoven, 79 N. Y. 400; De Forest v. Walters, 153 N. Y. 229, 47 N. E. 294. The evidence is sufficient to show that the property leased was being run and used as copartnership property, and was recognized by her as such. From this proof the plaintiff had the right to amass the assets of the firm, and Mrs. Travis and the devisees took no interest in the firm assets until the accounting and final settlement of the copartnership affairs. Hiscock v. Phelps, 49 N. Y. 97; Bank v. Fitch, Id. 539; Staats v. Bristow, 73 N. Y. 264, approved in Yerkes v. McFadden, 141 N. Y. 139, 36 N. E. 7; Durant v. Pierson, 124 N. Y. 444, 26 N. E. 1095, 12 L. R. A. 146, 21 Am. St. Rep. 686; Russell v. McCall, 141 N. Y. 437, 36 N. E. 498, 38 Am. St. Rep. 807; Darrow v. Calkins, 154 N. Y. 503, 49 N. E. 61, 48 L. R. A. 299, 61 Am. St. Rep. 637, affirming 6 App. Div. 28, 39 N. Y. Supp. 527.

The defendant McKinnon subsequently took a deed from Mrs. Travis embracing her individual interest in the property, and also the interest which she held as trustee under the power to convey in the will of her husband. The defendant McKinnon still retains possession and control of the property by himself, and through leases of said premises subsequently made by him to other persons. The defendant McKinnon has never been evicted from the premises, nor has he acquired any paramount title to the same; nor is it claimed that he has attorned under his lease to his landlord, or to any one succeeding to his rights or interest. Church v. Schoonmaker, 115 N. Y. 570, 22 N. E. 575; De Forest v. Walters, 153 N. Y. 229, 47 N. E. 294. The principle is too well settled to be seriously discussed that a tenant cannot acquire an outstanding title to defeat the title

of his landlord, while he is still in possession of the premises leased. Woodruff v. Railroad Co., 93 N. Y. 609; Tilyou v. Reynolds, 108 N. Y. 558, 15 N. E. 534; Gaslight Co. v. Claffy, 151 N. Y. 24, 45 N. E. 390, 36 L. R. A. 664; Willis v. McKinnon, 35 App. Div. 131, 54 N. Y. Supp. 1079; Id., 165 N. Y. 612, 59 N. E. 1132.

Several judgments were received in evidence on the trial of this action, from which the defendants claim that there has been a former adjudication of the rights of the parties, and that upon a sale under execution the plaintiff's rights have been cut off. Warren Willis, the original plaintiff, and owner of a portion of the premises took two mortgage titles under sales and foreclosures of said mortgages covering a portion of the property in question. This he had a right to do. See Landon's opinion, reported in 35 App. Div. 134, 54 N. Y. Supp. 1079. After the death of Warren Willis, his wife, the executrix, under a power in his will, conveyed to the present plaintiff all the interest which she received and had power to convey under said will. As the case now stands, the present plaintiff has all of the title in and to said premises, except that interest which is claimed to have been derived by the defendant McKinnon from Mary E. Travis and her children.

Several special proceedings were commenced by Prentiss W. Willis, in one form or another, in a justice's court, against the defendant McKinnon, for rent, and to dispossess him from said premises. It is alleged that the plaintiff and his grantors were defeated in those actions, and that an adjudication of the rights of the parties has there been had. The first answer to that proposition is that no such defense has been pleaded, or suggested by the pleadings, in the case at bar. Brazill v. Isham, 12 N. Y. 9; Krekeler v. Ritter, 62 N. Y. 372; Mandeville v. Avery, 44 N. Y. St. Rep. 1, affirmed in 135 N. Y. 658, 32 N. E. 648. Reich v. Cochran, 151 N. Y. 122, 45 N. E. 367, 37 L. R. A. 805, 56 Am. St. Rep. 607, is not contra, but supports this doctrine, I think. Second. It is clear that the justices before whom those proceedings were tried had no jurisdiction to determine the title to said premises; nor had they the right or power to adjudicate, between these parties, the title to the copartnership property. This plaintiff was not a party to those actions, nor were his grantors; nor is the defendant McKinnon, under his lease, entitled to assert such title in this action, as a bar. Code Civ. Proc. §§ 373, 2264, and cases cited supra. The last section reads as follows: "A final order, made in a special proceeding, taken as prescribed in this title, is not a bar to an action of ejectment, to recover the property affected thereby." The original lease has not expired, nor has the defendant McKinnon surrendered possession of said premises, but is still holding the same under said lease, refusing to pay rent, and is holding over, in defiance of the plaintiff's rights; trying to subvert and overthrow the lease, under which he always has been, and now is, holding said premises. Assuming that the lease is one from year to year, the holding over creates a new lease, upon the terms of the former lease, and so continues until that possession is yielded to the landlord, from whom the defendant McKinnon took his right to enter. See Landon's opinion, 35 App. Div., 54 N. Y. Supp., supra; Schuyler v. Smith, 51 N. Y. 309, 10 Am. Rep.

609; Adams v. City of Cohoes, 127 N. Y. 175, 28 N. E. 25; Herter v. Mullen, 159 N. Y. 28, 53 N. E. 700, 44 L. R. A. 703, 70 Am. St. Rep. 517.

It is immaterial that the lease was signed by Willis individually. The contract was between the surviving copartner and the defendant McKinnon, and inured to the benefit of the copartnership. Mitchell v. Read, 84 N. Y. 556.

I am therefore forced to the conclusion that the plaintiff is entitled to recover possession of said premises, with damages for withholding the same, together with the costs of this action. Judgment is ordered accordingly.

Judgment accordingly.