John McKeeffry, Landlord, v. Frank O'Hara, Tenant; George Brown, Under-tenant.

(Municipal Court of the City of New York, Borough of Manhattan, Ninth District, September, 1920.)

Landlord and tenant — when tenant may not acquire title antagonistic to landlord — right of assignee of lease to possession of premises — when summary proceedings between tenant and under-tenant inadmissible in evidence.

A tenant may not acquire a title antagonistic to that of his landlord without a prior surrender of the demised premises. (P. 165.)

After the owner of the unexpired term of a lease had given to the landlord herein a mortgage as security for an indebtedness upon promissory notes, he assigned the lease subject to the mortgage to the executors of an estate. Both instruments were duly recorded and thereafter said executors, for the purpose of inducing the mortgagee to advance further sums of money and as additional security for the money due under the mortgage, assigned to him the lease subject to a defeasance and reassignments upon payment in full of the total outstanding indebtedness. Held, that until such indebtedness was fully paid and discharged the right of the mortgagee of the lease to possession of the premises was superior to the right of the assignor or of a tenant claiming under an alleged lease from it entered into after the making of the mortgage and the assignment of the lease.

After the mortgagee, by virtue of the assignment of the lease, had entered into possession he leased the premises for a term

ending February 29, 1920. In a summary proceeding instituted by him to dispossess the tenant and his under-tenants, the making of the lease was admitted as was also the fact that a large part of the indebtedness under the mortgage and assignment of lease remained unpaid, but the tenant produced a lease from his landlord's assignor, dated January 26, 1915, for a term beginning March 1, 1920, and ending January 31, 1932. *Held,* that the tenant was not entitled to possession or the right of possession of the premises under his lease from his landlord's assignor until said landlord had been paid and that the landlord was entitled to a final order awarding him possession of the premises, with a stay of execution of the warrant.

Proceedings by the tenant against his under-tenants to recover rent or possession of part of the leased premises, to which the landlord was not a party, did not bind him, and in the absence of privity between him and the under-tenants against whom decision was rendered, such proceedings not being *res adjudicata* in the present proceeding were not admissible in evidence therein.

SUMMARY proceedings.

Herman Joseph, for landlord.

George Donellan, for tenant.

GENUNG, J. This is a summary proceeding brought by a landlord against his tenant and an under-tenant to recover possession of premises known as No. 675 Sixth avenue, borough of Manhattan, on the ground that they hold over and continue in possession of the demised premises after the expiration of the term without the permission of the landlord. The answer of the tenant, in addition to general denials, contains a plea to the jurisdiction of the court and defenses predicated upon an alleged estoppel *in pais* by reason of a former adjudication.

Upon the trial the landlord produced a written lease,

dated January 11, 1915, with Frank O'Hara, for the term of five years, beginning March 1, 1915, and terminating on February 29, 1920, at an annual rent of $2,500 a year. The tenant entered into possession under this lease and continues in possession after the expiration of this lease without the permission of the landlord. The landlord offered evidence tending to establish the following facts: On February 1, 1869, one Henry C. Sillock, as owner of the demised premises, granted a lease thereof and other property to Joseph V. Buareon for a term of eighty-four years. In 1908 by means of certain grants and assignments, William McDonald became vested with the unexpired remainder of the term demised. During the term of his incumbency William McDonald executed to John McKeefry, the landlord herein, a mortgage upon such lease to secure the payment to him of a series of forty-eight promissory notes, the last of which was payable on April 1, 1917, in the total amount of $30,000, for moneys owing on account of advances in the building of the Princess Theatre and otherwise, which mortgage was duly recorded. Thereafter William McDonald assigned said lease, subject to said mortgage, to James E. McDonald and Catherine McDonald, as executors of the estate of Frank B. McDonald, deceased, such assignment being duly recorded. Thereafter, the last named assignees, for the purpose of inducing the mortgagee, John McKeefry, the landlord herein, to advance further sums of money, and, as an additional security for the moneys due under the mortgage, executed to him an assignment of the said lease, subject to a defeasance and reassignment upon the payment in full of the total outstanding indebtedness. The assignment contained the following provision: "And it is further covenanted and agreed that the party of the second part may enter upon the said

premises hereby conveyed and collect the rentals as they shall or may come due from the tenants who are now in occupation thereof, or from the persons who may hereafter become tenants thereof, and may also lease the said premises if the same become vacant and unoccupied, but not for a period beyond the duration of this mortgage, unless the parties of the first part consent thereto and give receipt and acquittance for the said rents, and may take summary or other proceedings in law or otherwise to recover the possession of said premises."

The assignment was dated on January 7, 1914, and was duly recorded. The last note paid was on July 1, 1920. The balance unpaid on said mortgage indebtedness at the time of the trial was $12,541.12. McKeefry entered into possession of the said lease under the said assignment and executed to the tenant, O'Hara, the lease in suit, which expired on February 29, 1920.

The tenant admits the making of the said lease, and produces another lease, dated January 26, 1915, for the term of eleven years and eleven months, beginning March 1, 1920, and terminating on January 31, 1932, at an annual rent of $2,500 a year, executed by the estate of Frank B. McDonald, James E. McDonald, executor, but not signed by the tenant, Frank O'Hara, or by a witness. The tenant claims that McKeefry, the landlord herein, delivered both leases to him and, in answer to a question as to what was the meaning of the two leases, stated that his jurisdiction would be up on the property at the expiration of the five-year lease, and that he kept one copy of each lease and delivered the other copy of each lease to the tenant. The tenant admitted that he had not paid any rent to the landlord, McKeefry, since March 1, 1920, and that he had not demanded any rent from him since that date. The tenant stated he had mailed a

check for the rent to the McDonald estate, which had been returned to him.

The landlord herein, McKeefry, denied that he had ever given the lease for eleven years and eleven months to the tenant, O'Hara, or that he had ever known of it until last fall, probably November, 1919, and that he had ever known that McDonald had made leases, and he denied that he ever had the conversation with the tenant about giving him two leases. He admitted that he had received from the McDonald estate a check from the tenant for the rent for March, 1920, and had returned it to the tenant, with a letter dated March 16, 1920.

The determination of this proceeding does not involve the title to real property, but the right to the possession of real property, and the court is given jurisdiction of this proceeding by statute. Code Civ. Pro. § 2231; McAdam Landl. & Ten. (3d ed.) 80 and cases cited. The relation of landlord and tenant existed between McKeefry, the landlord herein, and O'Hara, the tenant herein, by virtue of the lease between them for five years, which expired on February 29, 1920, and the said McKeefry was authorized to maintain these proceedings by the said lease and by the mortgage and assignment from the McDonald estate, which he held pending the payment of the mortgage indebtedness to him. There can be no question that by the said mortgage and the said assignment the McDonald estate did give and grant unto McKeefry the right to enforce his right of possession by entering into possession, leasing the premises and, as they became vacant, to make other or further leases and thus obtain the rentals therefrom to extinguish his debt. McKeefry had a direct conveyance and assignment of the lease, which is the entire right of possession from Silleck to Buareon, to be defeated only

Municipal Court of New York, September, 1920.   [Vol. 113.

upon payment of the indebtedness of $30,000, and until he was paid no one could oust him from possession nor deprive him of the right to recover possession of the premises at the expiration of the lease made by him to the tenant herein. There was an absolute assignment to McKeefry, to be defeated only upon the payment of the amount due by the McDonald estate to McKeefry. It is admitted that over $12,000 of that indebtedness remains unpaid. Until that indebtedness is fully paid and discharged the right of McKeefry to possession of these premises is superior to the right of the McDonald estate, or of a tenant claiming under an alleged lease with the McDonald estate executed after the making of the mortgage and assignment to him. Even if the testimony of the tenant, O'Hara, be accepted as true, that McKeefry gave him the two leases and said that his jurisdiction would be up on the property at the expiration of the five-year lease, that would be merely an expression of opinion that the McDonald estate would have paid the indebtedness within five years, and would not be sufficient to confer on O'Hara the right to continue in possession after the expiration of the five-year lease, as tenant under the lease from the McDonald estate, or to constitute a surrender to the McDonald estate of his right to the possession of the premises, unless he consented to it in writing and waived his rights under the mortgage and assignment. The most that can be said for the lease from the McDonald estate is that it was to be signed by the tenant, O'Hara, and to take effect after the indebtedness to McKeefry had been paid and discharged, and McKeefry no longer retained possession of the premises or the right to possession under the mortgage and assignment. When McKeefry is paid and when he no longer is entitled to possession or the right of possession of the premises, *then* and

*then only* is O'Hara entitled to possession or the right of possession of the premises under the lease with the McDonald estate.

A tenant may not acquire a title antagonistic to that of his landlord without a prior surrender of the demised premises. *Jones* v. *Reilly,* 174 N. Y. 97; *Willis* v. *McKinnon,* 37 Misc. Rep. 386; affd., 79 App. Div. 249. The mortgage and assignment to McKeefry having been executed and recorded prior to the lease from the McDonald estate, the lessee claiming thereunder was bound by the terms of these instruments, even if the landlord herein, McKeefry, be considered merely a mortgagee in possession. *Derby* v. *Brandt,* 99 App. Div. 257. Estoppels are not favored in the law. *Pierrepont* v. *Barnard,* 5 Barb. 364. The alleged statement of the landlord herein, McKeefry, at the time of the delivery of the lease from the McDonald estate, if given its utmost effect, amounted to the expression of an opinion, upon which in no event an estoppel could be predicated. *Akin* v. *Kellogg,* 119 N. Y. 441. No consideration was claimed to have been rendered by the tenant in return for the lease from the McDonald estate, and it is not contended that in reliance thereupon or the statement made by the landlord herein, McKeefry, at the time of the alleged delivery thereof, he changed his position, and, therefore, there is a total failure on the part of the tenant to establish his defense of an estoppel *in pais* as against the legal rights and equities of the landlord herein, which were prior in time and to which his claim is subordinate.

The tenant sought to offer in evidence the summary proceedings instituted by the tenant, O'Hara, against his under-tenants to recover rent or possession of part of the premises herein, but these proceedings cannot be deemed binding upon the landlord herein as he was

not a party, and in the absence of privity between him and the undertenants against whom the decision was rendered so as to constitute them *res adjudicata* they were not admissible in evidence. 23 Cyc. 1237; *Fish* v. *Vanderlip*, 218 N. Y. 29.

The landlord is, therefore, entitled to a final order awarding to him the possession of the premises, with five days' stay of execution of the warrant.

Ordered accordingly.