## Richmond.

DIGGS' ADM'R V. BROWN.

January 17th, 1884.

1. PARTNERSHIP—*Real estate—Personalty.*—Real estate purchased with partnership funds for partnership purposes, will be treated as personalty, and as liable for the debts of the firm, including debts due to any one or more members of the firm, before it can be subjected to the individual debts of the partners.

2. IDEM—*Idem—Resulting trusts.*—It matters not who may hold the legal title of such real estate ; the holder of that title will be treated as the trustee of the partnership and accountable accordingly.

Appeal from decree of circuit court of Mathews county in two suits in chancery, one under style of Andrew Diggs' administrator and others v. Henry Bell, &c., the other under style of B. Whiteley, Trustee v. Henry Bell, &c., by which decree the bill of the plaintiffs was dismissed as to Charles Brown, one of the defendants. The effect of this dismission was to exonerate a moiety of certain real estate held by said Brown from the lien of certain judgments against the defendant, Henry Bell, which judgments the plaintiffs claimed were liens on said moiety.

The appellants are judgment creditors of Henry Bell, late of the county of Mathews, and now deceased, and who, with Charles Brown, the appellee, a citizen of the State of Pennsylvania, composed the firm of Henry Bell & Company. The co-partnership was formed in the year 1851, for the purpose of manufacturing and selling lumber, buying and selling lands, timber, steam saw and grist mills, and other property, and continued in existence until the latter part of October, 1869. By the articles of co-partner-

ship, it was stipulated that the business of the concern in Virginia should be conducted by Bell, and elsewhere by Brown. It was also stipulated, that for his services Bell should receive yearly the sum of three hundred dollars, and an amount sufficient to defray his ordinary household expenses, to be taken out of the partnership funds and entered in his accounts, and included in his annual settlements. The appellants, who were the plaintiffs in the court below, sought to subject to the satisfaction of their judgments certain real estate, lying in the county of Mathews, which, with the exception of a small parcel of little value, of which Bell was seized in severalty, was held in the joint names of Bell and Brown at the time the judgments in question were recovered. The judgments were recovered against Bell individually, upon certain bonds executed by him, and upon a draft drawn by him on Brown in favor of W. G. Lane, and protested for non-payment.

The appellants, in their bills, respectively charge that the indebtedness for which the judgments were obtained grew out of transactions which enured to the benefit of the co-partnership, and was in fact the indebtedness of the co-partnership, and therefore that they were entitled to satisfaction out of the real estate sought to be subjected. This Brown in his answer emphatically denies; he insists that the transactions in question were the individual transactions of Bell, and for his sole benefit. And he further insists that the land in question was purchased by Bell with partnership funds for partnership purposes, and therefore cannot be subjected to the payment of the individual debts of Bell until all the debts of the firm, including its indebtedness to the respondent, were fully satisfied. With the answer, copies of the articles of the co-partnership are filed, and also a copy of a deed from Henry Bell and wife to the respondent, dated the 25th day of January, 1860, and duly recorded long prior to the rendition of the judgments

in question.  In that deed it is recited that two tracts or parcels of land, in the deed described (and which constitute a part of the real estate sought to be subjected by the appellants), had been purchased by Bell on the joint account of Henry Bell and Charles Brown, and paid for with the joint funds of the said Bell and Brown, and had been conveyed to Bell by the vendor, by deed, bearing date October 8, 1855; that steam saw and grist mills had been erected thereon, and paid for out of the funds of the said Henry Bell and Charles Brown; and that in contemplation and fulfillment of the articles of co-partnership existing between the said Henry Bell and Charles Brown, the said property should be held in co-partnership subject to to the terms and provisions of the said articles of co-partnership.  And thereupon the said Henry Bell and wife conveyed to the said Charles Brown a moiety of all the estate, right, title and interest acquired by Bell under the deed of conveyance to him of the 8th day of October, 1855, so that all the said property, together with the mills and improvements erected thereon, should be held by the said Bell and Brown in equal proportions as tenants in common for the purposes of the co-partnership aforesaid.  Subsequently, and after the judgments in favor of the appellants had been recovered and docketed, Henry Bell and wife, by deed dated October 28, 1869, conveyed to Brown all their right, title and interest (or an undivided moiety), in and to certain real estate in the county of Mathews, including the two tracts above described, to discharge the indebtedness of the firm of Henry Bell & Company to Brown, amounting as of the 31st December, 1865, to the sum of $20,000, and which conveyance was accepted by Brown in full discharge of the said indebtedness.  In addition to the small tract of land standing in the name of Henry Bell, already referred to, it is the moiety of the land thus conveyed by the deed of October 28, 1869, that the appellants seek to subject to

the payment of their judgments. The circuit court dismissed the bills as to the defendant Brown, and thereupon an appeal was allowed by one of the judges of this court.

*John B. Donovan,* for the appellant.

*G. T. Garnett, B. F. Bland* and *Thos. G. Jackson,* for the appellees.

LEWIS, P., after stating the case, delivered the opinion of the court.

In equity real estate purchased with partnership funds for partnership purposes is treated as personalty, and not as realty, and is held liable to the satisfaction of the debts of the co-partnership, including debts due to any one or more members of the firm, in preference to the individual debts of the partners. And it matters not in whose name the property may stand, as the owner of the legal title; the party in whose name it stands being treated as a trustee of the partnership, and accountable accordingly. *Pierce's Adm'r* v. *Trigg's Heirs,* 10 Leigh, 406; *Wheatley's Heirs* v. *Calhoun,* 12 Id. 264; *Christian* v. *Ellis, &c.,* 1 Gratt. 402; Story on Partnership (Bennett's ed.), 138, 157. In the present case it sufficiently appears that the real estate conveyed by the deed of Bell and wife, of the 28th October, 1869, was purchased with partnership funds for partnership purposes. It must therefore be held as first liable to the payment of the debts of the firm of Henry Bell & Co., before it can be applied to the payment of the individual debts of the partners.

And it is equally clear that the judgments sought to be enforced must be held to be the individual debts of Henry Bell. There is nothing to show that in contracting any of the debts for which the judgments were obtained, credit

was not given to Bell alone. The existence of the co-partnership was a fact well known in the community where the debts were contracted, and at the time they were contracted Bell was in good standing and credit. The bonds and the draft upon which the judgments were recovered were signed by him alone, and the judgments are against him individually. The indebtedness was contracted before the outbreak of the late war, a part of it as early as the year 1856, and it was not until after the judgments had been obtained, and Bell had become insolvent, after the war, that the appellants asserted any claim whatever against the firm of Henry Bell & Company. Moreover, it is not shown by the record that the transactions out of which the indebtedness grew in any way enured to the benefit of the firm. By the articles of co-partnership Bell was to receive an amount sufficient to defray his ordinary household expenses, which was to be taken out of the partnership funds and included in his annual settlements. But it does not appear with sufficient certainty that any of the articles furnished Bell, and for which he executed his bonds, were purchased by him as part of his necessary household expenses; nor does it appear for what purpose the draft drawn by him on Brown, and afterwards protested, was given.

The charge that the indebtedness, for which the judgments were rendered, was contracted for the benefit of the firm, is denied in the answer, and in the absence of sufficient proof to the contrary, the responsive averments of the answer must be taken as true.

This being so, and it appearing that the property conveyed by the deed of October 28th, 1869, was not more than sufficient to discharge the indebtedness of the firm to the appellee, and that it was accepted by him in full discharge of that indebtedness, it follows that the decree of the circuit court must be affirmed.

DECREE AFFIRMED.