# CIRCUIT COURT OF FAIRFAX COUNTY

Nela Griffin

v.

Robert E. Jones, Jr., et al.

v.

BLC, L.P., et al.

June 18, 1999

Case No. (Chancery) 151826

BY JUDGE KATHLEEN H. MACKAY

This case consists of Complainant's attempt through a Creditors Bill of Complaint to enforce a judgment she obtained in 1991 against BLC, Limited Partnership (BLC). She contends that at the time of the docketing of said judgment, BLC owned real property in Fairfax County and that her judgment constitutes a lien on that property, which has never been satisfied. The Defendants are various individuals to whom the property in question was ultimately conveyed and banks who have provided mortgages to these individuals. Defendants filed a Cross-Bill against BLC, E.C., Limited Partnership (EC), and Edgemore II, L.P. (Edgemore). The parties are awaiting the Court's decision on the Plea in Bar filed by Third-Party Defendant BLC. Should the Plea in Bar be granted, Complainant's suit would fail.

## Chronology

Complainant filed her suit in October 1997. The Defendants filed an Answer on November 4, 1997, and a Cross-Bill on November 6, 1997. In

December 1997, EC and Edgemore filed a Plea in Bar, as did BLC. Since December both Mr. Roche for Complainant and Mr. Forest for BLC have filed several memoranda on the issues raised in the Plea filed by BLC. Mr. Forest filed memoranda on August 28, 1998, December 7, 1998, and January 12, 1999. Mr. Roche responded to these memoranda on September 8, 1998, and December 22, 1998. The Court took evidence and heard argument on the Plea filed by BLC on January 21, 1999, and both attorneys filed proposed orders after that date, including findings of fact and conclusions of law. The original Defendants filed no memoranda, and their attorney, Mr. James L. Windsor, took no part in the January hearing. For the purpose of this opinion letter, Third-Party Defendants are referred to simply as Defendants.

## Discussion

### A. *Issue*

All agree that the issue presented by the Plea is the nature of the interest held by BLC in the real estate in question at the time the Complainant's judgment was docketed in the land records of Fairfax County. BLC and EC maintain that when the judgment was docketed on April 26, 1991, BLC had already conveyed the property to the EC, Limited Partnership. Complainant denies that any conveyance was accomplished and maintains that BLC held legal and equitable title on April 26th.

### B. *Chronology*

The following represents a chronology of dates that are important in the case as well as a recitation of the documentary evidence admitted by the Court.

1. 12/30/88 Deed conveying property from RJL and Robert and Judith Lewis to BLC, Limited Partnership. (Defendant Exhibit 1.)

2. 1/3/89 Limited Partnership Agreement of EC, Limited Partnership. (Defendant Exhibit 2 and 2A.)

3. 1/13/89 Filed Certificate of Limited Partnership with State Corporation Commission. (Defendant Exhibit 3 and 22D.)

4. 1/18/89 Deed conveying from RJL/Lewis to BLC recorded.

5. 10/1/89 First Amendment to the Limited Partnership Agreement. (Defendant Exhibit 28.)

6. 11/17/89 Fairfax County Application for Reduction, Campbell's Landing. (Defendant Exhibit 23.)

7. 11/28/89 Triangle Development Company, Agreement of Sale to Asad and Aziza Gobar. (Defendant Exhibit 18.)

8. 12/15/89 First American Bank, letter as to financing Campbell's Landing. (Defendant Exhibit 16.)

9. 12/22/89 Credit Line Deed of Trust between BLC and Commonwealth Abstract Corporation. (Defendant Exhibit 17.)

10. 12/31/89 Second Amendment to the Limited Partnership Agreement. (Defendant Exhibit 29.)

11. 1/18/90 First American Bank Letter of Credit to Board of Supervisors of Fairfax County. (Defendant Exhibit 24.)

12. 1/31/90 First American Bank Commercial Loan Interest and Principal Bill to EC. (Defendant Exhibit 27.)

13. 6/21/90 Request for check from Triangle. (Defendant Exhibit 13.)

14. 7/25/90 Triangle Development Company, Agreement of Sale to Joseph and Vickie Lessa. (Defendant Exhibit 19.)

15. 7/27/90 Check from EC to County of Fairfax in amount of $9,973.45. (Defendant Exhibit 13.)

16. 7/28/90 First Installment, Fairfax County Estate Tax directed to BLC. (Defendant Exhibit 13.)

17. 8/30/90 Deed Conveying Property from BLC to Gobars. (Complainant Exhibit 1.)

18. 9/20/90 EC Partnership U. S. Tax Return. (Defendant Exhibit 10.)

19. 9/21/90 Deed conveying property from BLC to Lessas. (Complainant Exhibit 2.)

20. 10/16/90 Declaration of Trust between BLC and EC. (Defendant Exhibit 4.)

21. 10/24/90 Third Amendment to the Limited Partnership Agreement. (Defendant Exhibit 31.)

23. 11/15/90 Amendment to Certificate, SCC. (Defendant Exhibit 22C.)

24. 11/16/90 Request for check from Triangle. (Defendant Exhibit 14.)

25. 11/16/90 Check from EC to County of Fairfax in amount of $11,040.43. (Defendant Exhibit 14.)

26. 12/5/90 Second Installment, Fairfax County Estate Tax directed to BLC. (Defendant Exhibit 14.)

27. 12/5/90 Amended and Restated Declaration of Trust between BLC and EC. (Defendant Exhibit 5.)

28. 4/19/91 Judgment obtained against BLC.

29. 4/26/91 Judgment docketed.

30. 5/17/91 Fifth Amendment to the Limited Partnership Agreement. (Defendant Exhibit 20.)

31. 5/31/91 Sixth Amendment to the Limited Partnership Agreement. (Defendant Exhibit 21.)

32. 6/3/91 EC Partnership U. S. Tax Return. (Defendant Exhibit 11.)

33. 6/4/91 Developer Application Reduction of Surety executed by BLC. (Defendant Exhibit 26.)

34. 6/5/91 Check to cover bond reduction fee, EC to Fairfax County. (Defendant Exhibit 25.)

35. 6/30/91 Deed conveying property from BLC to EC. (Defendant Exhibit 6.)

36. 7/2/91 Amendment to Certificate, State Corporation Commission. (Defendant Exhibit 22B.)

37. 7/28/91 First Installment, Fairfax County Estate Tax directed to BLC. (Defendant Exhibit 15.)

38. 7/6/92 EC Partnership U. S. Tax Return. (Defendant Exhibit 12.)

39. 9/28/93 Deed conveying from EC to Edgemore. (Defendant Exhibit 7.)

40. 9/22/94 Deed conveying from Edgemore to Donna and Robert Jones. (Defendant Exhibit 8.)

41. 11/30/94 Deed conveying from Edgemore to John L. Metzger and Randi B. Simenson. (Defendant Exhibit 9.)

42. 8/20/97 Change of Registered Agent, State Corporation Commission, executed by EC. (Defendant Exhibit 22A.)

## C. *Argument*

In the course of writing its memoranda, BLC has crystallized its arguments as follows. On December 30, 1988, BLC intended to ultimately convey the real property in question to EC. BLC reaches this conclusion by coupling its reading of the 1988 deed with the EC Partnership Agreement that was executed in January 1989 and filed with the SCC on January 13, 1989. BLC argues that the property from that point on was treated by BLC as EC partnership property. BLC as a general partner of EC held the property as a trustee. EC and BLC gave the world notice of its understanding by recording a Declaration of Trust on October 16, 1990.

As such, so the argument goes, as of the docketing of the judgment on April 26, 1991, BLC held no interest in the real property that would be subject to execution by a creditor's bill. BLC, holding the property as a trustee for EC had an interest akin to personal property subject only to a charging order. Va. Code § 50-73.46.

Complainant opposes on the grounds that despite any intention that RJL or the Lewises had to transfer property through BLC to EC in December 1988, they made no such conveyance since the actual partnership did not come into existence until the following January. Complainant argues that, as of April 26, 1991, BLC held both legal and equitable title to the property and that the property was very much subject to execution.

Complainant bolsters her argument by pointing to a deed by which the property was actually transferred to EC by BLC on June 30, 1991, after the date the judgment was docketed. Complainant further relies on deeds by which parcels of the real estate were transferred to individuals in June and December of 1990. These deeds, according to the Complainant, are straightforward evidence of a transfer from BLC to the individuals and, as such, give no evidence that BLC was acting as a trustee.

## D. *Decision*

I believe both sides to this dispute would agree that once the nature of the interest held by BLC can be determined, all else falls into place. The Court shall answer that question by analyzing the relationship between all the documents set out above.

The Supreme Court in *Klingstein v. Rockingham National Bank,* 165 Va. 275 (1935), provides this Court with a means to analyze the facts. The question raised by *Klingstein* was whether property ostensibly owned by two parties as tenants-in-common actually was held as an asset of a partnership between the two men. Title to the real estate justified the tenants-in-common approach prima facie. The Court held, however, that this presumption could be rebutted in equity and that whether the land belongs to the partnership or to the individuals depended upon the intention of the parties. Furthermore, that intention could be, and in fact was, proved by circumstances surrounding the actions the partners took with reference to the property.[1]

---

[1]  The Court cited *Johnson v. Hogan,* 123 N.W. 891, 897 (Mich. 1908), for the proposition: "Whether or not land taken in the name of one or more partners is in fact partnership property always depends upon the intent of the parties and the understanding and design under which they acted. It is clear that an express agreement may show this intent, but it may also be established by an implied agreement. This implied agreement may be gathered by considering the general purpose of the parties, the nature of their business, and the manner in which they have dealt with the property in question." *See also Diggs' Adm'r v. Brown,* 78 Va. 292 (1884).

What are the "circumstances" in this case. RJL and Lewis conveyed the property in question to BLC on December 30, 1988. In early January 1989, the EC Partnership was formed, and on January 13, 1989, a Certificate accepted by the SCC. The deed of December 1988 was recorded on January 18, 1989. The testimony by Robert J. Lewis was that he held off recording the deed until the Partnership Agreement was signed since the property was a contribution to the partnership. Mr. Richard Snider testified that the formation of the partnership had been under discussion for some time. The actual sequence of events as described is evidence of the intent of the EC partners to treat the real estate as partnership property.

In drafting the deed from RJL/Lewis to BLC, RJL and Lewis availed themselves of their rights pursuant to Va. Code § 58.1-811(A)(10) to exempt said deed from recordation taxes. The exemption language put the world on notice that the property conveyed was an asset of a partnership.

The real estate contributed by Lewis to EC is identical to the property conveyed to BLC in December. *See* Exhibit B-2 to the Partnership Agreement. (Defendant Exhibit 2.) BLC is named as the General Partner in the Agreement and is allowed to hold partnership property in its name. *See* Sections 9.01 and Exhibit A to the Agreement. The General Partner has the power to execute documents and convey partnership property. The General Partner is to be indemnified and held harmless from claims arising out of the Partnership. *See* Sections 9.02 and 10.06 of the Agreement. The terms of this Agreement are evidence of the intent of the EC partners to treat the real estate as partnership property.

There is evidence in the day-to-day operation of the partnership that EC regarded the property as its own. EC filed income taxes with reference to the property. (Defendant Exhibits 11 and 12.) EC paid Fairfax County real estate taxes and was billed by the general contractor for those expenses. (Defendant Exhibits 13 and 14.) These actions are evidence of the intent of the EC partners to treat the real estate as partnership property.

Complainant is absolutely correct when she states that the recorded documents in the land records create a confusing inconsistent picture of what BLC was, title holder or partner. For instance, the development of the property was financed through First American Bank. BLC granted the bank a credit line deed of trust on December 22, 1989, wherein it expressly indicated it was the sole owner of the property.[2] There is no mention of EC. *See* Section 1.01(e) of the Deed of Trust. (Defendant Exhibit 17.) BLC, not EC, made two

---

[2] The financing letter itself for First American Bank was directed to EC. (Defendant Exhibit 16.)

out sales to individuals in 1990, and there is no mention of the EC interest in the Deeds of Sale. (Complainant Exhibits 1 and 2.)

Furthermore, whereas EC as a partnership entity paid taxes and filed returns, BLC actually received the county tax bills and negotiated with the County on certain issues. (Defendants Exhibits 23, 13, 14, 26, and 25.)

On the whole, I believe these inconsistencies can be explained as BLC performing its duties as a General Partner. Most importantly, on October 14, 1990, BLC and EC recorded a Declaration of Trust in the land records which defined the relationship between the two entities for all the world to see. The Declaration specifically refers to the property conveyed by RJL/Lewis in December 1988 and specifically sets out the understanding of the parties that BLC holds this property in trust for the beneficiary, EC Limited Partnership. This document is evidence of the intent of the EC partners to treat the real estate as partnership.

Finally, I believe that the Deed of June 30, 1991, whereby BLC conveyed the property to EC is evidence not that BLC held the property in its own right all along but rather that BLC's position as a general partner could not be maintained as shown by the successive amendments to the Partnership Agreement. (Defendant Exhibits 28, 29, 30, 20, and 21.)

In conclusion, it is this Court's holding that as of April 26, 1991, the property in question was held by BLC as trustee for the EC Limited Partnership in accordance with the terms of the Partnership Agreement.

The intent of EC and its constituent partners is binding not only upon EC, but also all creditors of EC and its constituent partners. *Miller v. Ferguson*, 107 Va. 249, 251 (1907), and *Wingate v. Coombs*, 237 Va. 501, 506 (1989).

If EC and its constituent partners treated the property as an asset of EC, the judgment lien against BLC does not attach to the property, as a partner has no interest in real estate owned by a partnership. *See* Va. Code § 50-73.44. BLC's only interest which could be subject to execution was its interest in EC, such interest being personal property. The personal property interest of a partner is subject to a charging order only. *See* Va. Code § 50-73.46.

Mr. Forest shall please prepare an order sustaining the Plea in Bar filed by BLC and dismissing the suit.