■ FRANK O'FRIAS et al., Respondents, v. SELMA MELTON, Appellant.— In an action to adjudge a deed to be in fact a mortgage and for related relief, defendant appeals from two orders of the Supreme Court, Nassau County, dated March 26, 1969 and March 27, 1969, respectively. The first order (1) granted plaintiffs' motion for a preliminary injunction to the extent of restraining defendant from enforcing a certain judgment in a summary proceeding, awarding possession of the subject real property to her pending trial of the instant action, on condition that plaintiffs (a) make all payments required to be made on the first mortgage on the property and (b) give a $2,500 undertaking pursuant to CPLR 6312 (subd. [b]); (2) denied defendant's cross motion to dismiss the complaint; and (3) granted a trial preference. The second order (1) denied defendant's motion to vacate the decision upon which the first order was based; (2) granted plaintiff's cross motion to reduce the amount of the undertaking to $250; and (3) again granted a trial preference. Orders reversed, on the law and the facts, with $10 costs and disbursements, and defendant's cross motion to dismiss the complaint granted. In our opinion, the judgment of the District Court in the summary proceeding could not be *res judicata* of the issue of title raised by the instant complaint because that court's jurisdiction does not extend to resolving such questions. (See article 2 of the Uniform District Court Act, which deals with the jurisdiction of the District Courts, especially section 204 thereof, giving the court jurisdiction of summary proceedings to recover possession of realty and to remove tenants therefrom, and

subdivision [c] of section 208, giving the court jurisdiction of a counterclaim for the rescission or reformation of the transaction upon which the landlord's cause of action is founded if the amount in controversy on such counterclaim does not exceed $6,000 [even assuming the applicability of the latter section to the facts at bar, it is not disputed that the property is worth in excess of this amount].) Questions as to title (i.e., whether a deed is in fact a mortgage) are litigated in actions, not in summary proceedings (*Matter of Mahshie* v. *Dooley,* 48 Misc 2d 1098; *Van Deventer* v. *Foster,* 87 App. Div. 62; *Von der Horst* v. *Wolinsky,* 137 Misc. 182; *McKeefry* v. *O'Hara,* 113 Misc. 159). The cases cited by appellant are distinguishable on their facts, because they involved questions of fraud which could have been raised in the summary proceeding (e.g., *Farm Crest Packing Corp.* v. *Milner,* 30 A D 2d 316). However, in our opinion the District Court judgment was *res judicata* for another reason, namely, the fact that it incorporated a stipulation regarding title, with the terms of which plaintiffs failed to comply. In other words, if they had complied, they apparently would have obtained valid title; but having failed to do so, they are precluded from bringing the instant action because their default resolved any questions as to title against them. Moreover, we are of the opinion that the dismissal of the complaint in the specific performance action previously brought by plaintiffs was also *res judicata* of the instant question as to whether appellant was actually a mortgagee rather than an owner of the subject premises on either of two theories. Either the issue was actually in the prior action (via the allegation in the complaint that appellant was the owner of the property) and was decided adversely to plaintiffs by the dismissal of their complaint, or the essential facts surrounding the entire transaction (the transaction consisted of three documents: the contract of sale, the deed, and the lease with the repurchase option, the last of which was the subject of the specific performance action) were considered in that action, at least by implication, and also decided adversely to them. Under either theory (*res judicata,* or its corollary, collateral estoppel), plaintiffs' complaint in the instant action should have been dismissed (see *Eidelberg* v. *Zellermayer,* 5 A D 2d 658, affd. 6 N Y 2d 815). Because of the foregoing, it is moot to consider the other contentions relating to the granting of the preliminary injunction and the reduction of the amount of the undertaking. Beldock, P. J., Christ, Brennan, Hopkins and Martuscello, JJ., concur.