FILMWAYS, INC., Respondent, v. 477 MADISON AVENUE, INC., Appellant. —

Concur — Markewich, Kupferman and Steuer, JJ.; McGivern, J. P., dissents in the following memorandum: The document, alluded to in the majority opinion, presumably is the letter dated May 27, 1970, from the prime tenant, Filmways, to its proposed sublessee, to which letter the defendant-landlord is not a party. Such a letter cannot bind the defendant-landlord nor strip it of its contractual right to deny the use of the leasehold to any sublessee unless occupancy was to be by a single tenant using the "entire premises" for the limited use defined by the provisions of the lease. The proposed sublease, being by its terms unauthorized, no mere letter by the tenant can compel the landlord to accept it. And the defendant-landlord was justified in shrinking back from the letter's handwritten addendum; "Notwithstanding the foregoing, as between Textron and Filmways, the terms of the sublease shall be in all respects controlling". The mischief-making potential of this is clear when we note that actual occupancy was envisaged not by Textron alone as a single entity, but inter alia, by "Donahue Sales Division", another corporation acquired by the Textron conglomerate, but which "has not been merged with Textron, and, accordingly, remains a wholly-owned entity". An uncritical assent to this sublease would have trapped the landlord in the treacherous sands of a waiver, vis-à-vis its legitimate rights to limit the character and nature of the leasehold. (Woollard v. Schaffer Stores Co., 272 N. Y. 304, 316; Ireland v. Nichols, 46 N. Y. 413.) Further, the proposed sublease gratuitously conferred on Textron the right to sublet to any "subsidiary or controlled corporation" and to permit occupancy by its "affiliates and subsidiaries", without any limitation, although the prime lease limited the use of premises to "general and executive offices". Moreover, the defendant-landlord had the right under the prime lease to insist that the premises be limitedly occupied by the prime tenant's

" affiliates and subsidiaries and companies in which tenant or its affiliates and subsidiaries have a general joint venture interest ". But the prime tenant did not receive the right to confer similar powers upon a further subtenant. Quite the contrary. In sum, regardless of the motivation of the defendant-landlord, we cannot remake the lease to accommodate the plaintiff-tenant under the prime lease. And the prime lease restrictedly allowed for a single sublease of the " entire premises " to one identifiable subtenant, a not unreasonable or unconscionable reservation. The sublease to Textron would welcome " affiliates and subsidiaries ", unnumbered, unidentified, and perhaps unborn. The landlord is within its lease when it chooses to cast a cold eye on devils unknown, and it so provided. Thus, I would reverse and grant the defendant's cross motion for summary judgment.