■ C. MALCOLM DOWSEY et al., Respondents, v JOHN MEGERIAN, Individually and as Executor of DOROTHY MEGERIAN, Deceased, Appellant.—In a declaratory judgment action pursuant to RPAPL article 15, defendant appeals from a judgment of the Supreme Court, Nassau County (Pantano, J.), entered September 18, 1984, which, inter alia, declared a certain deed to, and lease of, real property to be void as made as part of a usurious loan in violation of General Obligations Law §§ 5-501 and 5-511.

Judgment reversed, on the law, with costs, and it is declared that the deed and lease in question are valid.

The instant appeal involves an action brought by the plaintiffs in March 1984, for a declaration that a certain deed conveying real property in Roslyn, New York, to John and Dorothy Megerian and a lease of the same property from the Megerians to the plaintiffs, were, in substance, part of usurious loan transaction and therefore void.

Prior to the commencement of the plaintiffs' action, the defendant John Megerian, individually and as executor of the estate of Dorothy Megerian, had commenced an eviction proceeding against the plaintiffs in the District Court of Nassau County for nonpayment of rent under the lease in issue. The plaintiffs appeared in court on the return date, which had

been adjourned at their request, but did not raise any defenses to the petition. On January 5, 1984, the parties entered into a written stipulation in which the plaintiffs acknowledged their default under the lease and agreed to pay certain arrearages in accordance with a set schedule. They subsequently defaulted under the terms of the stipulation.

We find that since the plaintiffs admitted their default under the lease without arguing before the District Court that the parties' relationship was anything other than landlord and tenants, or that the lease was actually a disguise for a usurious mortgage, they are now barred from asserting those claims in their present action (see, Reich v Cochran, 151 NY 122, rearg denied 151 NY 669). Moreover, since the parties' stipulation expressly referred to the plaintiffs' default under the May 26, 1983 "Lease" and provided for a payment schedule of arrears for "use and occupancy/rent" of the subject premises, there is no question that the plaintiffs conceded the question of title and cannot raise that issue in their present action (see, O'Frias v Melton, 32 AD2d 1046, affd 27 NY2d 638). Mangano, J. P., Brown, Niehoff and Lawrence, JJ., concur.