■ ONTEL CORPORATION, Respondent, v HELASOL REALTY CORP., Appellant.—In an action, inter alia, for a judgment declaring that the defendant landlord is required to give written consent to an assignment of a lease, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Balletta, J.), entered January 8, 1986, which, after a hearing, directed the defendant to give written consent to the assignment, and (2) an order of the same court, entered March 12, 1986, which denied the defendant's motion, in effect, for renewal.

Ordered that the orders are affirmed, with one bill of costs.

The evidence adduced at the hearing demonstrated that, in refusing consent to an assignment of the lease, the defendant's general manager had relied primarily upon his subjective belief that a representative of the proposed assignee should have contacted him to discuss its financial status prior to

making the application to assign. Such subjective concerns and personal desires cannot play a role in a landlord's decision to withhold its consent to an assignment of a lease, and the hearing court properly held that the defendant had unreasonably withheld its consent (see, American Book Co. v Yeshiva Univ. Dev. Found., 59 Misc 2d 31; Kruger v Page Mgt. Co., 105 Misc 2d 14, appeal dismissed 80 AD2d 525).

Inasmuch as the proposed assignee had bound itself to each and every provision of the prime lease, and its financial status was secure, the hearing court properly directed the defendant to give its consent to the assignment (see, Filmways, Inc. v 477 Madison Ave., 36 AD2d 609, affd 30 NY2d 597; Kruger v Page Mgt. Co., supra). In addition, the hearing court properly determined that the plaintiff had not abandoned the leasehold so as to be in default of the lease. The evidence adduced revealed that the plaintiff was merely readying the premises in preparation for the occupancy by the proposed assignee (cf., Kottler v New York Bargain House, 242 NY 28).

Furthermore, the court properly denied the defendant's motion, in effect, for renewal since the proffered insurance report did not refute the hearing court's original conclusion that the plaintiff had emptied the premises in preparation for the assignee.

Finally, we have examined the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Eiber, Kunzeman and Harwood, JJ., concur.