■ BRIDIE COSTELLO, Appellant, v GEORGE O'TOOLE et al., Respondents.—In an action, *inter alia,* to declare a certain deed dated November 6, 1970, void *(see,* RPAPL art 15; *cf.,* CPLR 3001), the plaintiff appeals from a judgment of the Supreme Court, Kings County (I. Aronin, J.), entered December 2, 1987, which, after a nonjury trial, is in favor of the defendants and against her dismissing the complaint.

Ordered that the judgment is modified, by (1) adding thereto a provision declaring that the deed dated November 6, 1970, is valid and (2) adding to the fifth decretal paragraph thereof, before the phrase "dismissing the complaint," the words "otherwise"; as so modified, the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

We discern no basis for disturbing the trial court's determination (see, CPLR 4102 [c]) that the plaintiff waived her right (see, CPLR 4101 [2]) to a jury trial. However, although the record amply supports the trial court's determination that the 1970 deed, by which the subject premises were conveyed from the plaintiff to the defendant O'Toole and his wife, now deceased, was valid, it should, however, have made a declaration to that effect rather than dismissing the complaint in its entirety (see, CPLR 3001; cf., RPAPL 1521; Lanza v Wagner, 11 NY2d 317, 334, appeal dismissed 371 US 74, cert denied 371 US 901; Orrino v Norbon Homes, 35 AD2d 732). We modify the judgment accordingly.

We have examined the plaintiff's remaining contentions and find them to be without merit. Mollen, P. J., Kooper, Sullivan and Harwood, JJ., concur.