■ COMMACK ROLLER RINK, INC., Appellant, v COMMACK ARENA MARKETING, INC., et al., Respondents.—In an action, *inter alia,* for a judgment declaring that the defendants unreasonably withheld consent to a proposed sublease, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Luciano, J.), entered August 7, 1987, which denied its motion to compel disclosure and, upon deeming the defendants' cross motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) as one for summary judgment pursuant to CPLR 3212, awarded the defendants summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof dismissing the first cause of action; as so modified, the order is affirmed, with costs to defendants, and

the matter is remitted to Supreme Court, Suffolk County, for the entry of an appropriate judgment in accordance herewith.

The defendant Commack Arena Marketing, Inc. (hereinafter the corporate defendant), of which the individual defendant is sole shareholder, is the owner of premises on which was constructed, with the approval of the local Zoning Board of Appeals, the Commack Roller Rink. In its resolution of approval for the special exception use of the premises, the Board restricted use of the premises to an indoor roller skating facility, with "customary accessory facilities", except upon its prior approval of another use.

In July 1977 the plaintiff's assignor as tenant and the corporate defendant as landlord entered into a 20-year lease which provided that use of the premises, apart from "such related and incidental uses as a pro shop, skate rentals, snack bar, game room, and locker area * * * shall be for a roller skating rink and for no other purposes". The agreement also provided that it could not be assigned and that the tenant could not sublease the premises "without first obtaining [the corporate defendant's] written consent, which consent shall not be unreasonably withheld or delayed".

The lease was thereafter assigned to the plaintiff without difficulty. In or about November 1985 the plaintiff sought to enter into a five-year sublease agreement with Douglas Jacobs, who, the plaintiff advised the corporate defendant, was the operator of a "disco roller rink" in Albany, New York, and who, in its opinion, would be a "successful operator" of the Commack Roller Rink. However, the use clause of the proposed agreement provided only that Jacobs was to use the premises "for any use permitted under the Prior Lease". The rent clause provided, *inter alia,* that no rent was to be due "until such time as [Jacobs] shall have obtained an on-premise liquor license".

Less than two weeks after receipt of a copy of the proposed sublease, the corporate defendant, making note of the restricted zoning applicable to the premises, advised the plaintiff that, in effect, the use clause was too vague and that the reference to an on-premise liquor license indicated a use beyond that of the permitted roller skating rink and related incidental uses. It further advised that it had investigated Jacobs' "current operation" in Albany and learned that, notwithstanding the plaintiff's assertion to the contrary, Jacobs operated a "bar/dance-concert hall", albeit on roller skating rink premises. The corporate defendant requested "written

documentation" demonstrating Jacobs' experience as a roller skating rink operator and written confirmation "defining" his use of the subject premises as excluding a bar, a dance hall, and a concert hall. The corporate defendant also advised that it declined to consent to the sublease "as drafted".

Taking the position that it was entitled to enter into the sublease as it was written, the plaintiff commenced this litigation for a declaration that the consent of the "defendants" to the sublease was unreasonably withheld and unreasonably delayed. It also sought money damages on account, *inter alia,* of the defendants' claimed breach of contract and tortious interference with contractual relations. Following joinder of issue and the conduct of some disclosure, including the taking of the deposition of the individual defendant, the plaintiff moved to compel the corporate defendant to appear by a specified officer for pretrial examination. The defendants cross-moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7). In response, and positing that the cross motion was not one for summary judgment but was rather directed at the sufficiency of the complaint, the plaintiff urged that the un-controverted facts called for judgment in its favor for the relief demanded in the complaint and it specifically requested that it be awarded summary judgment. Instead, the Supreme Court deemed the defendants' cross motion to be one for summary judgment dismissing the complaint and granted it.

The plaintiff initially contends that Supreme Court committed reversible error by converting the defendants' cross motion for dismissal pursuant to CPLR 3211 (a) (1) and (7) *(see,* CPLR 3211 [c]) to one for summary judgment without notifying the parties that it would do so *(cf., Mihlovan v Grozavu,* 72 NY2d 506). That contention is without merit. The cross motion was made following joinder of issue *(see, Kotick v Desai,* 123 AD2d 744; *Impastato v De Girolamo,* 95 AD2d 845; *Connell v Hayden,* 83 AD2d 30, 32) and, although addressed to the sufficiency of the complaint, was also denominated as, and was in fact premised on matters outside the face of the pleading *(cf., Four Seasons Hotels v Vinnik,* 127 AD2d 310; CPLR 3211 [a] [1]). Moreover, the plaintiff expressly requested summary judgment in its own favor *(see, Mihlovan v Grozavu, supra; cf.,* CPLR 3211 [b]). Under the circumstances, the Supreme Court was not obligated to give the parties the notice contemplated by CPLR 3211 (c).

The defendants' cross motion was properly treated as one for summary judgment and the court properly awarded summary judgment to the defendants. Apart from the fact that

there is no basis for imposing liability on the individual defendant, the record demonstrates that it was not unreasonable as a matter of law for the corporate defendant to withhold consent pending further assurances as to the suitability of the proposed subtenant and the legality of the actual use to which the premises might be put *(see, Mann Theatres Corp. v Mid-Island Shopping Plaza Co.,* 94 AD2d 466, *affd* 62 NY2d 930).* Moreover, the proposed sublease, which by its terms suggested that the corporate defendant's rink facilities would be used at least in part as a bar, did not bind Jacobs "to each and every provision of the prime lease [in order that he would] not even arguably be afforded greater rights vis-à-vis the [corporate defendant] than are enjoyed by the [plaintiff]" *(Filmways v 477 Madison Ave.,* 36 AD2d 609).

It is clear that the plaintiff is entitled to none of the relief requested in its complaint. We note, however, that the judgment to be entered should contain a declaration *(see,* CPLR 3001) rather than dismiss the complaint *(see, Lanza v Wagner,* 11 NY2d 317, 334, *cert denied* 371 US 901; *Holliswood Care Center v Whalen,* 58 NY2d 1001; *see also, Costello v O'Toole,* 149 AD2d 396).* Finally, the plaintiff's motion to compel disclosure, which the plaintiff, by requesting summary judgment, effectively conceded was not essential *(cf.,* CPLR 3212 [f]), was rendered academic by the determination made on the cross motion and was, therefore, properly denied. Mangano, J. P., Brown, Eiber and Harwood, JJ., concur.