■ LEEIRV CORPORATION, Respondent, v S & E REALTY CO., Appellant.—In an action to recover damages for breach of contract, the defendant appeals from so much of an order of the Supreme Court, Nassau County (McCabe, J.), dated February 5, 1990, as denied that branch of its motion which was to dismiss the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was to dismiss the complaint is granted, and the complaint is dismissed.

The record reveals that after the plaintiff tenant failed to make two consecutive monthly rental payments, the defendant landlord commenced a dispossession proceeding in the District Court of the County of Nassau. While the proceeding was pending, the tenant tendered a check for the unpaid funds to the landlord. The check was to be held in escrow pending the landlord's consent to a proposed assignment of the lease. The landlord subsequently refused to consent to the assignment and returned the escrow funds to the tenant at the tenant's request. The tenant did not contest the District Court proceeding and admitted its nonpayment of rent. After the entry of judgment against it in the District Court proceeding, the tenant commenced this action to recover damages for the landlord's alleged unreasonable failure to consent to the assignment. The landlord moved to dismiss the complaint, and the Supreme Court denied the motion. We reverse.

The parties' lease expressly provided that the landlord would not unreasonably withhold consent to an assignment "provided that the tenant has fully complied with the covenants and conditions of this lease on its part to be performed". The evidence before us, including the record of the District Court proceeding, clearly demonstrates that the tenant did not meet its rental obligations in accordance with the terms of the lease. Inasmuch as the landlord's consent was expressly contingent upon the tenant's performance of its obligations, no consent was required to be given and the assignment clause of the lease constitutes a defense founded upon documentary

evidence *(see,* CPLR 3211 [a] [1]; *see generally, Lebowitz v Mingus,* 100 AD2d 816).

Furthermore, in view of the District Court's determination, the tenant is presently barred from claiming that its tender of the escrow funds constituted compliance with the lease *(see, Dowsey v Megerian,* 117 AD2d 703). In any event, the conditional nature of that tender failed to satisfy the obligation for the payment of rent as set forth in the lease. Bracken, J. P., Sullivan, Balletta and Copertino, JJ., concur.