■ HUNAN 7 (N.Y.C.), INC., Respondent, v JOHN DING, Also Known as CHONG DING DIENG, Appellant. [628 NYS2d 534] —In an action, inter alia, to recover damages for the defendant's refusal to consent to an assignment of a lease, the defendant appeals (1) as limited by his brief, from so much of an order of the Supreme Court, Kings County (Yoswein, J.), entered December 3, 1993, as granted the plaintiff partial summary judgment on its first cause of action and denied that branch of the defendant's cross motion which was for summary judgment dismissing the first cause of action, or alternatively, for leave to amend his answer, and (2) from a judgment of the same court, entered August 4, 1994, which is in favor of the plaintiff and against the defendant in the principal sum of $65,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

The Supreme Court properly concluded that the defendant

unreasonably withheld his consent to the proposed assignment of the plaintiff's lease. The lease did not expressly condition the defendant's consent on the plaintiff's performance of its obligations under the lease. Consequently, the nonrent-related defaults subsequently alleged by the defendant in this action did not relieve him of any duty to consent *(compare, Leeirv Corp. v S & E Realty Co.,* 178 AD2d 403; *F.H.R. Auto Sales v Scutti,* 144 AD2d 956).

While the defendant was requested to certify that no rent or additional rent was owed, he did not submit any evidence to substantiate his claim that additional rent was due and owing. Therefore, he failed to demonstrate that he could not have provided the requested acknowledgment.

The other purported reasons for the defendant's refusal to consent set forth in his answer to the complaint were not valid, objective reasons to withhold consent under the circumstances of this case *(see, Ontel Corp. v Helasol Realty Corp.,* 130 AD2d 639; *American Book Co. v Yeshiva Univ. Dev. Found.,* 59 Misc 2d 31). Further, the Supreme Court did not improvidently exercise its discretion in denying the defendant's request for leave to amend his answer.

We have examined the defendant's remaining contentions and find them to be without merit. Copertino, J. P., Santucci, Altman and Krausman, JJ., concur.