■  LOUIS GIORDANO et al., Respondents, v WOLFE MILLER et al., Appellants. [733 NYS2d 94] —In an action to recover damages

for the defendants' refusal to consent to the assignment of a lease in accordance with its terms, the defendants appeal from so much of a judgment of the Supreme Court, Suffolk County (Lama, J.), dated June 8, 2000, as, after a nonjury trial, is in favor of the plaintiffs and against them in the principal sum of $25,000.

Ordered that the judgment is modified, on the law and the facts, by reducing the amount awarded to the plaintiffs from the principal sum of $25,000 to the principal sum of $15,344.14; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an appropriate amended judgment.

The plaintiffs entered into a lease with the defendant landlords for a store located in a shopping center which provided that consent of the landlord was required for the assignment of the lease, but the required consent could not be withheld unreasonably. The defendants demanded a fee as a condition precedent to granting their consent. However, the lease did not provide for such a fee. In view of the foregoing, the Supreme Court properly concluded that the defendants unreasonably withheld their consent to the proposed assignment of the lease (*see, Hunan 7 v Ding,* 216 AD2d 356).

The plaintiff Louis Giordano testified that he was to receive $15,344.14 at the lease signing, which never took place as a result of the defendants' unreasonable refusal to consent to the assignment of the lease. The Supreme Court awarded the plaintiffs the principal sum of $25,000. It appears that that award was based upon an offer made by an individual who wanted "a completely new lease * * * not an assignment." That offer did not constitute the proper measure of damages. Accordingly, the damages award is reduced from the principal sum of $25,000 to the principal sum of $15,344.14.

The defendants' remaining contentions are without merit. O'Brien, J. P., Goldstein, Schmidt and Smith, JJ., concur.