■ MOHAMMED SAYED, Also Known as MOHEY SAYED, et al., Appellants-Respondents, v JOHN RAPP et al., Respondents-Appellants. [782 NYS2d 278]—

In an action, inter alia, to recover damages for breach of a lease by unreasonably withholding and delaying consent to its assignment, (1) the plaintiffs appeal (a), as limited by their notice of appeal and brief, from stated portions of a decision of the Supreme Court, Queens County (Leviss, J.H.O.), dated January 16, 2003, and (b), as limited by their brief, from so much of a judgment of the same court entered March 3, 2003, as, after a nonjury trial, and upon the decision, inter alia, dismissed the first cause of action and is in favor of the defendants John Rapp and Stella Sklias and against them on the first counterclaim to recover unpaid rent and additional rent in the principal sum of $150,393.19, and (2) the defendants cross-appeal, as limited by their notice of cross appeal, from (a) stated portions of the same decision, and (b) so much of the same judgment as calculated outstanding real estate taxes at 80% of the amount due, determined that the March 12, 1996, lease modification agreement was valid, and calculated the amount due for unpaid rent based upon that modification agreement.

Ordered that the appeal and cross appeal from the decision are dismissed, without costs or disbursements, as no appeal lies from a decision (see *Schicchi v Green Constr. Corp.,* 100 AD2d 509 [1984]); and it is further,

Ordered that the judgment is modified, on the law and the facts, by deleting the first decretal paragraph thereof; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a recalculation of damages on the defendants' first counterclaim to recover unpaid rent and additional rent in accordance herewith, and for the entry of an appropriate amended judgment.

The defendants John Rapp and Stella Sklias (hereinafter collectively the landlord) and the plaintiff Mohammed Sayed, also known as Mohey Sayed, were parties to a commercial lease. The lease provided, in pertinent part, that the "tenant may not assign or sublease the subject premises without the express written consent of the Landlord [which] consent shall not be unreasonably withheld or delayed."

In September 1995, after Sayed assigned the lease to the plaintiff Khasha Realty Corp. (hereinafter the tenant), the corporation through which he did business, the lease was modified (hereinafter the 1995 Lease Modification) by reducing the rent in exchange for the tenant surrendering a portion of the subject premises. The tenant alleged that pursuant to a subsequent lease modification dated March 12, 1996 (hereinafter the 1996 Lease Modification), the landlord agreed to further reduce the rent.

In 1998 the tenant sought to assign the lease to Digital City of New York, Inc. (hereinafter Digital City). The landlord withheld its consent to the assignment on the ground that the tenant failed to pay real estate taxes, water and sewer charges, and back rent, as required under the terms of the lease. The landlord commenced a nonpayment proceeding against the tenant in Civil Court, Queens County (hereinafter the nonpayment proceeding), and, pursuant to a stipulation of settlement, judgment was entered in favor of the landlord. The landlord subsequently refused to consent to another proposed assignment of the tenant's lease to Checkers, a fast-food business, on the ground that it did not "wish to amend the [u]se [c]lause . . . for the purposes of the sale of food, beverages and related items."

The tenant and Sayed commenced this action against the landlord and the defendant Junction Management, the landlord's managing agent, alleging, inter alia, that the landlord unreasonably withheld its consent to the proposed assignment, in violation of the lease. The defendants counterclaimed, inter alia, to recover unpaid rent and additional rent, including real estate taxes, and water and sewer charges.

After a nonjury trial, the Supreme Court dismissed the complaint finding that the landlord did not unreasonably withhold its consent to the proposed assignments of the lease. The Supreme Court also determined, inter alia, that the 1996 Lease Modification was valid, and fixed the amount due the landlord for unpaid rent and additional rent at $150,393.19, exclusive of interest, and entered judgment accordingly. The portion of that award attributable to unpaid rent was calculated in accordance with the rent schedule set forth in the 1996 Lease Modification subject to annual rent increases of three percent pursuant to the lease. The appeal and cross appeal ensued.

Upon weighing "the relative probative force of conflicting testimony as well as conflicting inferences which may be drawn therefrom" (*Matter of Fasano v State of New York,* 113 AD2d 885, 888 [1985]; *see Northern Westchester Professional Park*

*Assoc. v Town of Bedford,* 60 NY2d 492, 499 [1983]; *We're Assoc. Co. v Rodin Sportswear,* 288 AD2d 465 [2001]), we conclude that since the landlord did not execute the 1996 Lease Modification, it was unenforceable. Therefore, the Supreme Court's calculation of the amount of rent arrears due to the landlord for the period beginning in October 1998 should have been based on the monthly rental amount set forth in the lease, as modified only by the 1995 Lease Modification.

In addition, the stipulation of settlement negotiated by the parties in the nonpayment proceeding provided that the tenant was responsible for 80% of the real estate taxes due through June 30, 1999. However, the stipulation did not otherwise modify the lease provision governing the payment of real estate taxes which provided that the tenant was responsible to pay as additional rent "all taxes imposed on the land and building known as 82-03 Roosevelt Avenue," the location of the leased premises. Thus, in calculating that portion of the award for additional rent attributable to real estate taxes, the Supreme Court should have determined that the tenant was responsible for 100%, not 80%, of such taxes accruing after June 30, 1999.

Since the 1996 Lease Modification was unenforceable, the landlord was entitled to the rent due pursuant to the lease, as amended only by the 1995 Lease Modification. It was undisputed that the tenant refused to tender that amount, rather, the tenant paid the lesser amount of rent due pursuant to the 1996 Lease Modification. Thus, it was not unreasonable for the landlord to withhold its consent to the proposed assignment to Digital City (*see Hunan 7 [N.Y.C.] v Ding,* 216 AD2d 356 [1995]; *Leeirv Corp. v S & E Realty Co.,* 178 AD2d 403 [1991]) on the ground that the tenant failed to pay the amounts due for rent and additional rent.

The standard for determining whether consent was unreasonably withheld is based upon a consideration of objective factors, including "the subtenant's suitability for the particular building, the legality of the proposed use and the nature of the occupancy" (*Astoria Bedding, Mr. Sleeper Bedding Ctr. v Northside Partnership,* 239 AD2d 775, 776 [1997]). Therefore, the Supreme Court also properly determined that the landlord did not unreasonably withhold its consent to the assignment to Checkers, since the proposed use was materially different from the use specified under the lease. Accordingly, the Supreme Court properly dismissed the first cause of action to recover damages for breach of a lease by unreasonably withholding and delaying consent to its assignment. Krausman, J.P., Luciano, Cozier and Spolzino, JJ., concur.