■ Logan & Logan, Inc., Doing Business as Cedar Lodge Nursing Home, Respondent, v Audrey Lane Laufer, LLC, Appellant. [824 NYS2d 650]—

In an action, inter alia, to compel the defendant to consent to the assignment of a lease, the defendant appeals from an order of the Supreme Court, Suffolk County (Pitts, J.), dated July 22, 2005, which granted the plaintiff's motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

When a commercial lease provides that the landlord will not unreasonably withhold consent to its assignment, the landlord may refuse to consent to an assignment based only on "consideration of objective factors, such as the financial responsibility of the [proposed assignee], the [proposed assignee's] suitability for the particular building, the legality of the proposed use and the nature of the occupancy, i.e., office, factory, retail" (*Astoria Bedding, Mr. Sleeper Bedding Ctr. v Northside Partnership,* 239 AD2d 775, 776 [1997]; *see Kenney v Eddygate Park Assoc.,* 19 AD3d 859, 860 [2005]; *Sayed v Rapp,* 10 AD3d 717, 720 [2004]). Thus, "subjective concerns and personal desires cannot play a role in a landlord's decision to withhold its consent to an as-

signment of a lease" (*Ontel Corp. v Helasol Realty Corp.*, 130 AD2d 639, 640 [1987]; *cf. International Chefs v Corporate Prop. Invs.*, 240 AD2d 369, 370 [1997]).

Here, there exists a triable issue of fact as to whether the defendant landlord withheld its consent to the proposed assignment based on objective concerns, and thus whether its withholding of consent was reasonable. Crane, J.P., Ritter, Rivera and Lunn, JJ., concur.