■ MOHAD ATHAR et al., Appellants, v HUDSON SERVICE MANAGEMENT, INC., et al., Respondents. (Action No. 1.) MOHAD ATHAR et al., Appellants, v HUDSON SERVICE MANAGEMENT, INC., et al., Respondents. (Action No. 2.) [853 NYS2d 170]—

In two actions, inter alia, to recover damages for fraud and breach of contract, the plaintiffs appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Dutchess County (Dolan, J.), dated July 11, 2006, as, upon, in effect, granting their application for leave to amend the complaint in action No. 1, granted the motion of the defendants in that action, in effect, to dismiss the amended complaint pursuant to CPLR 3211 (a) (7), and (2) an order of the same court dated January 23, 2007, as granted that branch of the motion of the defendants in action No. 2 which was pursuant to CPLR 3211 to dismiss the complaint in that action.

Ordered that the order dated July 11, 2006 is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants in action No. 1 which was to dismiss the cause of action to recover damages for breach of contract insofar as asserted against the defendant Hudson Service Management, Inc., and substituting therefor a provision denying that branch of the motion; as so modified, the order dated July 11, 2006 is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated January 23, 2007 is affirmed insofar as appealed from, without costs or disbursements.

The plaintiffs subleased and operated a gas station pursuant to certain contracts with the defendant Hudson Service Management, Inc. (hereinafter Hudson). Those contracts effectively provided that if the plaintiffs sought to sell their business and assign their rights under the contracts, the plaintiffs would have to obtain Hudson's consent, which Hudson could not unreasonably withhold.

In light of the aforementioned contractual provisions, Hudson could only withhold its consent to the plaintiffs' sale of their business and assignment of their contractual rights based on a consideration of objective factors (*see Logan & Logan, Inc. v Audrey Lane Laufer, LLC*, 34 AD3d 539 [2006]; *Sayed v Rapp* 10 AD3d 717, 720 [2004]; *Hunan 7 [N.Y.C.] v Ding*, 216 AD2d 356, 357 [1995]; *cf. Giordano v Miller*, 288 AD2d 181, 182 [2001]). "Subjective concerns and personal desires" could not play a role in Hudson's decision to withhold its consent (*Logan & Logan, Inc. v Audrey Lane Laufer, LLC*, 34 AD3d 539 [2006] [internal quotation marks omitted]). In support of their cause of action in action No. 1 to recover damages for breach of the subject contracts, the plaintiffs alleged that they sought Hudson's consent to a sale of their business and an assignment of their rights, that Hudson conditioned its consent on the plaintiffs making a $60,000 payment to Hudson, and that this was "unreasonable." Accepting these factual allegations as true and according the plaintiffs the benefit of every favorable inference, as we must on a motion to dismiss pursuant to CPLR 3211 (a) (7) (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), we conclude that the cause of action was sufficiently pleaded. Accordingly, the Supreme Court incorrectly granted that branch of the motion of the defendants in action No. 1 which was to dismiss the cause of action to recover damages for breach of contract insofar as asserted against Hudson, the only defendant that was a party to the contracts.

The plaintiffs' contentions concerning the order dated January 23, 2007 do not require reversal in light of our determination on the appeal from the order dated July 11, 2006.

The plaintiffs' remaining contentions are without merit. Rivera, J.P., Covello, Angiolillo and Dickerson, JJ., concur.