LMEG Wireless, LLC v Farro (2021 NY Slip Op 00164)





LMEG Wireless, LLC v Farro


2021 NY Slip Op 00164


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
CHERYL E. CHAMBERS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-01681
 (Index No. 520239/16)

[*1]LMEG Wireless, LLC, et al., respondents,
v
Menachem Farro, appellant.


Barton, LLP, New York, NY (Sheldon Eisenberger and T. Bryce Jones of counsel), for appellant.
Farrell Fritz, P.C., New York, NY (Peter A. Mahler and Franklin C. McRoberts of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated August 4, 2017. The order, insofar as appealed from, denied those branches of his motion pursuant to CPLR 3211(a) which were to dismiss the first through ninth, fifteenth through seventeenth, and twenty-first causes of action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
This appeal concerns a series of business transactions described in greater detail in an appeal in the related action of Farro v Schochet (___ AD3d ___ [Appellate Division Docket No. 2017-10401; decided herewith]). Insofar as relevant, in this action, the plaintiffs, LMEG Wireless, LLC (hereinafter LMEG Wireless), Zalman Schochet, and Levi Wilhelm, alleged that in January 2014, the defendant Menachem Farro agreed that, if Schochet would repay certain loans that the defendant received from his friends and family, the defendant would accept any terms for the sale of LMEG Wireless that Schochet and Wilhelm were prepared to accept. Schochet agreed, and the loans were repaid.
In December 2014, TZP Capital Partners II, L.P. (hereinafter TZP), offered to purchase LMEG Wireless. The defendant opposed the sale and refused to execute a letter of intent. The plaintiffs alleged that, in July 2015, the defendant, through his counsel, promised that if Schochet and Wilhelm terminated negotiations with TZP and engaged Goodwin Procter, LLP (hereinafter Goodwin Procter), to broker the sale of LMEG Wireless, the defendant would agree to any deal Goodwin Procter presented. The defendant allegedly reiterated that promise in August 2015.
The plaintiffs agreed, and Goodwin Procter subsequently presented an offer from Ridgemont Equity Partners (hereinafter Ridgemont) to purchase LMEG Wireless. Schochet, Wilhelm, and the defendant each accepted Ridgemont's offer on behalf of LMEG Wireless. However, the defendant later rejected the offer, demanding additional compensation. Ridgemont then tendered a revised offer for the purchase of LMEG Wireless at a lesser sum which, the plaintiffs [*2]alleged, was due to the defendant's conduct.
In May 2016, Schochet and Wilhelm removed the defendant as manager of LMEG Wireless and, in October 2016, made plans to proceed with the sale to Ridgemont. However, after the defendant commenced the related action against Schochet, Wilhelm, and others, Ridgemont withdrew its offer to purchase LMEG Wireless. The plaintiffs then commenced this action, inter alia, to recover damages for breach of contract against the defendant.
The defendant moved pursuant to CPLR 3211(a) to dismiss the complaint. The Supreme Court granted the motion as to the tenth through fourteenth and eighteenth through twentieth causes of action, and denied the motion as to the first through ninth, fifteenth through seventeenth, and twenty-first causes of action. The defendant appeals from so much of the order as denied those branches of his motion which were to dismiss the remaining causes of action, which seek to recover damages for breach of contract and breach of fiduciary duty, and an accounting. We affirm the order insofar as appealed from.
"The essential elements of a breach of contract cause of action are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of his or her contractual obligations, and damages resulting from the breach" (Riccio v Genworth Fin., 184 AD3d 590, 591 [internal quotation marks omitted]). "Generally, a party alleging a breach of contract must demonstrate the existence of a . . . contract reflecting the terms and conditions of their . . . purported agreement" (Canzona v Atanasio, 118 AD3d 837, 839 [internal quotation marks omitted]; see Theaprin Pharms., Inc. v Conway, 137 AD3d 1254, 1255). Where the terms of an alleged oral agreement are vague or indefinite, they will not support a cause of action alleging breach of contract (see Reznick v Bluegreen Resorts Mgt., Inc., 154 AD3d 891, 893; Canzona v Atanasio, 118 AD3d at 839). A plaintiff must also identify the provisions of the contract that were breached (see Gianelli v RE/MAX of N.Y., Inc., 144 AD3d 861, 862; Canzona v Atanasio, 118 AD3d at 839).
Here, the first three causes of action alleged that the defendant committed breach of contract as to each plaintiff individually in reneging on his promise to accept any reasonable offer for the purchase of LMEG Wireless by rejecting the TZP offer. While the defendant is correct that "'a court cannot enforce a contract unless it is able to determine what in fact the parties have agreed to'" (Vizel v Vitale, 184 AD3d 602, 604, quoting Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp., 78 NY2d 88, 91; see Kolchins v Evolution Mkts., Inc., 31 NY3d 100, 106), "the 'terms of a contract [do not] need [to] be fixed with absolute certainty' to give rise to an enforceable agreement" (Kolchins v Evolution Mkts., Inc., 31 NY3d at 107, quoting Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp., 93 NY2d 584, 590). Contrary to the defendant's assertion, an agreement to accept a reasonable offer is not necessarily unenforceable; instead, "a party may agree to be bound to a contract even where a material term is left open" provided there is "sufficient evidence that both parties intended that arrangement" (Total Telcom Group Corp. v Kendal on Hudson, 157 AD3d 746, 747 [internal quotation marks omitted]).
Here, since the agreement involved offers by third parties, leaving open what constituted a "reasonable offer" was not inappropriate. There were objective criteria, such as whether an offer comported with the company's value as established by an analysis of its financial records, which could be used to determine whether a given offer was "reasonable" (see generally Athar v Hudson Serv. Mgt., Inc., 48 AD3d 721, 722; Logan & Logan, Inc. v Audrey Lane Laufer, LLC, 34 AD3d 539, 539-540).
The fourth through sixth causes of action alleged that by rejecting Ridgemont's initial offer, the defendant committed breach of contract as to each of the plaintiffs individually by reneging on his promise to accept any offer brokered by Goodwin Procter if Schochet and Wilhelm terminated negotiations with TZP. The seventh through ninth causes of action similarly alleged that the defendant committed breach of contract as to each plaintiff by refusing to accept Ridgemont's revised offer to purchase LMEG Wireless. Again, contrary to the defendant's contentions, these are sufficiently specific promises to support a cause of action alleging breach of contract (see Kolchins v Evolution Mkts., Inc., 31 NY3d at 106-107; Vizel v Vitale, 184 AD3d at 604). Accordingly, the [*3]Supreme Court properly denied those branches of the defendant's motion which were to dismiss the first nine causes of action.
The defendant's contention that the breach of fiduciary duty causes of action are time-barred is without merit. The fifteenth through seventeenth causes of action alleged that the defendant, as a member of LMEG Wireless, breached his fiduciary duty to each of the plaintiffs individually by interfering with and opposing the sale of LMEG Wireless to Ridgemont in an effort to obtain a greater price for his interest. The statute of limitations for a cause of action alleging breach of fiduciary duty depends in part on the substantive remedy sought by the plaintiff (see IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 139; DiRaimondo v Calhoun, 131 AD3d 1194, 1196). Courts apply the six-year limitations period where an allegation of fraud is essential to the claim or where the relief sought is equitable, but otherwise apply a three-year limitations period (see IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d at 139; DiRaimondo v Calhoun, 131 AD3d at 1196).
Here, the breach of fiduciary duty causes of action are premised on the defendant's alleged acts of looting, waste, and self-dealing, and thwarting of a financially advantageous sale of LMEG Wireless, but do not allege fraud. Moreover, these causes of action seek only monetary damages, not equitable relief. Accordingly, a three-year limitations period applies (see IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d at 139; DiRaimondo v Calhoun, 131 AD3d at 1196). Since most of the acts of which the plaintiffs complain occurred between December 2014 and March of 2016, and the complaint was filed in November 2016, these causes of action are timely and the Supreme Court properly denied dismissal pursuant to CPLR 3211(a)(5).
Likewise, the complaint adequately stated the causes of action to recover damages for breach of fiduciary duty. The elements of a cause of action to recover damages for breach of fiduciary duty are the existence of a fiduciary relationship, misconduct by the defendant, and damages directly caused by the defendant's misconduct (see Chipetine v Neu, 182 AD3d 571, 572; Wallkill Med. Dev., LLC v Catskill Orange Orthopaedics, P.C., 178 AD3d 987, 988). Since the defendant was a manager of LMEG Wireless until he was removed from that position in May 2016, he owed a fiduciary duty to the plaintiffs (see Salm v Feldstein, 20 AD3d 469, 469-470). Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the fifteenth through seventeenth causes of action for failure to state a cause of action.
An accounting is an equitable remedy (see Bonanni v Horizons Invs. Corp., 179 AD3d 995, 997) which a party may seek only where he or she can establish "the existence of a confidential or fiduciary relationship and a breach of the duty imposed by that relationship respecting property in which the party seeking the accounting has an interest" (Gorunkati v Baker Sanders, LLC, 179 AD3d 904, 905-906 [internal quotation marks omitted]; see Pacella v RSA Consultants, Inc., 164 AD3d 806, 808). "'To obtain an accounting, a plaintiff must show that there was some wrongdoing on the part of a defendant with respect to the fiduciary relationship' concerning property in which the plaintiff has an interest" (Pacella v RSA Consultants, Inc., 164 AD3d at 808, quoting Benedict v Whitman Breed Abbott & Morgan, 110 AD3d 935, 938; see Lawrence v Kennedy, 95 AD3d 955, 958). To state a viable cause of action for an accounting, a plaintiff must also allege that he or she demanded an accounting, which the defendant refused to provide (see Mawere v Landau, 130 AD3d 986, 990; Walsh v Wwebnet, Inc., 116 AD3d 845, 848).
Here, since the plaintiffs alleged that they demanded an accounting from the defendant which he refused to provide, and since the defendant, as a manager of LMEG Wireless during the period in question, owed a fiduciary duty to them, the Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the twenty-first cause of action, seeking an accounting.
The defendant's remaining contentions are without merit.
MASTRO, A.P.J., CHAMBERS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court