Board of Mgrs. of Country Pointe at Smithtown N. Condominium v Country Pointe at Smithtown Homeowners Assn., Inc. (2025 NY Slip Op 04151)

Board of Mgrs. of Country Pointe at Smithtown N. Condominium v Country Pointe at Smithtown Homeowners Assn., Inc.

2025 NY Slip Op 04151

Decided on July 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LILLIAN WAN
PHILLIP HOM, JJ.

2022-09546
 (Index No. 600261/19)

[*1]Board of Managers of Country Pointe at Smithtown North Condominium, appellant,
v
Country Pointe at Smithtown Homeowners Association, Inc., et al., respondents.

Schneider Buchel, LLP, Garden City, NY (Ryan D. Hersh and Mitchell J. Flachner of counsel), for appellant.
Cohen, Warren, Meyer & Gitter, P.C., Smithtown, NY (Lisa Albert of counsel), for respondent Country Pointe at Smithtown Homeowners Association, Inc.

DECISION & ORDER
In an action, inter alia, for an accounting, the plaintiff appeals from an amended order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated November 1, 2022. The amended order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action for an accounting and denied that branch of the plaintiff's cross-motion which was for summary judgment on that cause of action.
ORDERED that the amended order is affirmed insofar as appealed from, with costs.
The plaintiff is the board of managers of a condominium located in Suffolk County. The defendant Country Pointe at Smithtown Homeowners Association, Inc., a separate homeowners association, owns and operates a sewage treatment plant (hereinafter the STP) on its premises that, in addition to serving its own members, serves the condominium. In 2002, those parties' predecessors in interest entered into a connection agreement, concerning the operation, care, and maintenance of the STP. The connection agreement stated, in part, that an annual fee would be charged for the STP service.
In January 2019, the plaintiff commenced this action against the defendants, asserting, inter alia, causes of action alleging breach of contract, breach of fiduciary duty, and for an accounting of all monies expended and received by the defendants in connection with the operation of the STP. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint. In an order dated January 13, 2020, the Supreme Court denied that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the cause of action for an accounting and granted the remaining branches of the motion.
Thereafter, the defendants moved, inter alia, for summary judgment dismissing the cause of action for an accounting, and the plaintiff cross-moved, among other things, for summary judgment on that cause of action. In an amended order dated November 1, 2022, the Supreme Court, inter alia, granted that branch of the defendants' motion and denied that branch of the plaintiff's [*2]cross-motion. The plaintiff appeals.
An accounting is an equitable remedy (see Bonanni v Horizons Invs. Corp., 179 AD3d 995, 997) which a party may seek "only where he or she can establish the existence of a confidential or fiduciary relationship and a breach of the duty imposed by that relationship respecting property in which the party seeking the accounting has an interest" (LMEG Wireless, LLC v Farro, 190 AD3d 716, 720 [internal quotation marks omitted]; see Rozenberg v Perlstein, 200 AD3d 915, 920-921). "To obtain an accounting, a plaintiff must show that there was some wrongdoing on the part of a defendant with respect to the fiduciary relationship concerning property in which the plaintiff has an interest" (LMEG Wireless, LLC v Farro, 190 AD3d at 720 [internal quotation marks omitted]; see Pacella v RSA Consultants, Inc., 164 AD3d 806, 808). "[A] conventional business relationship, without more, is insufficient to create a fiduciary relationship" (AHA Sales, Inc. v Creative Bath Products, Inc., 58 AD3d 6, 21). "[A] plaintiff must make a showing of special circumstances that could have transformed the parties' business relationship to a fiduciary one, such as control by one party of the other for the good of the other" (DiTolla v Doral Dental IPA of N.Y., LLC, 100 AD3d 586, 587 [internal quotation marks omitted]). "A fiduciary relationship may exist when one party reposes confidence in another and reasonably relies on the other's superior expertise or knowledge, but not in an arm's-length business transaction involving sophisticated business people" (Saul v Cahan, 153 AD3d 947, 949).
The Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action for an accounting. The defendants established, prima facie, their entitlement to judgment as a matter of law by demonstrating that the parties had a conventional business relationship, which did not create a fiduciary relationship or special circumstances (see DiTolla v Doral Dental IPA of N.Y., LLC, 100 AD3d at 587). The defendants also established, prima facie, that the plaintiff was not under the defendants' control (see Saul v Cahan, 153 AD3d at 949). In opposition, the plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562). For the same reasons, the court properly denied that branch of the plaintiff's cross-motion which was for summary judgment on that cause of action.
The plaintiff's remaining contentions are either without merit or not properly before this Court.
DILLON, J.P., MILLER, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court