Wells Fargo Bank, N.A. v Olivo (2025 NY Slip Op 04687)

Wells Fargo Bank, N.A. v Olivo

2025 NY Slip Op 04687

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
LINDA CHRISTOPHER
CARL J. LANDICINO
PHILLIP HOM, JJ.

2023-01939
 (Index No. 705833/21)

[*1]Wells Fargo Bank, N.A., etc., respondent,
v
Rafael Olivo, appellant, et al., defendants; U.S. Bank, National Association, nonparty-respondent.

Flora Rainer (New York Litigation Group, PLLC, Rochester, NY [Austin T. Shufelt], of counsel), for appellant.
Winston & Strawn LLP, New York, NY (Michael E. Blaine of counsel), for respondent.
Solomon & Siris, P.C., Garden City, NY (Bill Tsevis of counsel), for nonparty-respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Rafael Olivo appeals from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), dated December 20, 2022. The order, insofar as appealed from, denied that defendant's motion pursuant to CPLR 5015(a)(3) and (4) to vacate an order of reference of the same court dated April 16, 2008, and an order and judgment of foreclosure and sale (one paper) of the same court dated June 30, 2008, entered upon his failure to appear or answer the complaint, and to set aside the foreclosure sale and any subsequent conveyances of the subject property, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
In 2008, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Rafael Olivo. Olivo failed to answer the complaint or appear in the action. In an order dated April 16, 2008 (hereinafter the order of reference), the Supreme Court granted the plaintiff's unopposed motion, inter alia, for an order of reference and referred the matter to a referee to compute the amount due to the plaintiff. In an order and judgment of foreclosure and sale dated June 30, 2008, the court granted the plaintiff's unopposed motion, among other things, for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property. More than 12 years later, Olivo moved pursuant to CPLR 5015(a)(3) and (4) to vacate the order of reference and the order and judgment of foreclosure and sale and to set aside the foreclosure sale and any subsequent conveyances of the property, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. In an order dated December 20, 2022, the court, inter alia, denied the motion. Olivo appeals.
CPLR 5015(a)(4) provides that "[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just" upon the ground of "lack of jurisdiction to [*2]render the judgment or order." Contrary to the plaintiff's contention, the doctrine of laches is inapplicable to Olivo's claim for relief under CPLR 5015(a)(4) because "laches cannot confer upon a court jurisdiction it does not have" (Berlin v Sordillo, 179 AD2d 717, 720 [internal quotation marks omitted]; see Matter of Anna M. [Adam W.M.—Benjamin L.M.], 93 AD3d 671, 672-673; Federal Home Loan Mtge. Corp. v MacPherson, 277 AD2d 418, 418-419).
Nonetheless, Olivo is precluded from contending that the order of reference and order and judgment of foreclosure and sale are void for lack of personal jurisdiction. Following the foreclosure sale of the property, the plaintiff commenced a holdover eviction proceeding against Olivo in the Civil Court, Queens County. On November 24, 2009, the parties entered into a written stipulation under which the plaintiff obtained a judgment of possession and Olivo agreed to vacate the property by a certain date in exchange for the waiver of use and occupancy fees. Because Olivo effectively conceded that the plaintiff was entitled to possession of the property, he is precluded from asserting a claim in this action that the plaintiff's title to the property is invalid based on a lack of personal jurisdiction in this action (see Nissequogue Boat Club v State of New York, 14 AD3d 542, 544; Dowsey v Megerian, 117 AD2d 703, 704; O'Frias v Melton, 32 AD2d 1046, 1047, affd 27 NY2d 638).
CPLR 5015(a)(3) permits a court to relieve a party from an order or judgment on the ground of "fraud, misrepresentation, or other misconduct of an adverse party." "While there is no specific time limit within which to move under this provision, the motion must be made within a reasonable time" (Empire State Conglomerates v Mahbur, 105 AD3d 898, 899; see CitiMortgage, Inc. v Nunez, 198 AD3d 865, 866; Bank of N.Y. v Stradford, 55 AD3d 765, 765). Under the circumstances of this case, Olivo's delay in seeking relief under CPLR 5015(a)(3) was unreasonable (see Deutsche Bank Natl. Trust Co. v James, 164 AD3d 467, 469; New Century Mtge. Corp. v Chimmiri, 146 AD3d 893, 894). In any event, irrespective of Olivo's laches, his allegations of misconduct perpetrated by a process server in unrelated foreclosure actions were insufficient to meet his burden of showing fraud, misrepresentation, or other misconduct on the part of the plaintiff in this action (see LaSalle Bank N.A. v Oberstein, 146 AD3d 945, 945-946; see also Golden First Bank v Tal, 136 AD3d 974, 975).
The parties' remaining contentions have been rendered academic in light of our determination. We decline to address nonparty U.S. Bank, National Association's request for certain affirmative relief, since a nonappealing party is not entitled to such relief (see Hecht v City of New York, 60 NY2d 57, 61; Listokin v Listokin, 188 AD3d 862, 864).
MILLER, J.P., CHRISTOPHER, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court